COMMUNITY BAKING COMPANY ET AL. *v.* PAUL
JOSEPH REISSIG.

[No. 62, October Term, 1932.]

18

*Decided January 12th, 1933.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Walter C. Capper* and *Rignal W. Baldwin,* with whom was *Harold Tschudi* on the brief, for the appellants.

*Clarence Lippel,* with whom was *Fuller Barnard, Jr.,* on the brief, for the appellee.

DIGGES, J., delivered the opinion of the Court.

This is a workmen's compensation case. Michael A. Reissig, while in the employ of the Community Baking Company, sustained an injury on September 22nd, 1927, as a result of which injury he died on November 17th, 1927. After his death a claim for compensation was made on behalf of his widow, the application being made on the form then prescribed by the State Industrial Accident Commission in such cases. The insurer requested a hearing; and after the taking of testimony the commission awarded full compensation to the widow, Mary A. Reissig, at the rate of $18 per week, payable weekly, for the period of 277 7/9 weeks. Compensation was paid to her from the date of the award until her death, which occurred December 20th, 1930. Thereafter, on December 9th, 1931, the appellee filed with the commission a petition setting forth: "That Michael A. Reissig, deceased,

died on November 17, 1927, while working for the Community Baking Company. That said deceased left surviving him his wife, Mary A. Reissig, and a grandchild, Paul Joseph Reissig, both of whom were solely dependent upon said deceased. That an award was made in this case to the said Mary A. Reissig, who died on December 20, 1930. That after the death of the claimant, his widow supported your petitioner who is now eight years of age, and who was dependent after the death of his grandfather, Michael A. Reissig, deceased, on his grandmother, Mary A. Reissig, deceased. That after the death of the said Mary A. Reissig, the above-named employer and insurer refused and still refuse to pay compensation to your petitioner. Your petitioner now prays that your Commission may reopen this case and grant him a hearing to decide whether he is entitled to receive compensation."

Thereafter a hearing was had before the commission on said petition upon the three following issues:

"1. (By claimant): Petition to reopen to determine whether or not Paul Joseph Reissig, grandchild, is entitled to compensation.

"2. (By insurer): Was the said Paul Joseph Reissig, at the time of the death of Michael A. Reissig, dependent on him in whole or in part within the contemplation of the Workmen's Compensation Law of Maryland?

"3. Is the claim of the said Paul Joseph Reissig barred by limitations?"

Before the hearing the employer and insurer moved to dismiss the petition. On March 2nd, 1932, the commission "ordered that the petition filed in these proceedings to reopen the case, be and the same is hereby denied." From this order an appeal was taken to the Circuit Court for Allegany County. The case was heard before the court sitting as a jury upon two issues: First, "Is the claim of Paul Joseph Ressig barred by limitations?" Second, "Was the said Paul Joseph Reissig, at the time of the death of Michael A. Reissig, dependent on him, the said Michael A. Reissig, in whole or in part within the contemplation of the Workmen's Com-

pensation Law of Maryland?" The defendants offered three prayers for a directed verdict, which were refused; and the court, sitting as a jury, answered the issues in accordance with the contentions of the appellee, namely, that the claim of the appellee was not barred by limitations, and that the appellee was at the time of the death of Michael A. Reissig dependent on him in whole or in part within the contemplation of the Workmen's Compensation Law of Maryland (Code, art. 101, sec. 1 *et seq.*); and entered a judgment reversing the finding and order of the commission. From that judgment the appeal here was taken.

A motion was filed by the appellants to dismiss the appeal from the commission to the circuit court, on the ground that the appeal had not been filed in that court within thirty days from the decision of the commission. This motion was overruled. The appellants contend that such action was reversible error. The facts are that within thirty days of the decision of the commission notice was served personally upon a member of the commission of an appeal to the Circuit Court for Allegany County, but no suit was docketed in that court until after the expiration of thirty days from the commission's decision. These facts in this regard are identical with those presented in *Monumental Printing Co. v. Edell,* 163 Md. 551, 164 A. 171, and for the reasons therein stated, we find there was no error in overruling the motion to dismiss on that ground in this case.

It is next contended by the appellants that the claim of the appellee was barred by limitations. The record establishes that the appellee is the grandson of Michael A. Reissig and Mary A. Reissig, his wife, being an illegitimate son of their daughter; that he was an infant four years old at the time of his grandfather's death; that from the time of his birth until his grandfather's death he lived with these grandparents, and was supported and taken care of by Michael A. Reissig; that after the grandfather's death he continued to live with the grandmother, Mary A. Reissig, she being his sole support up to the time of her death; that no claim or application for compensation was made by or on behalf of the

appellee for more than four years after the death of the injured deceased, but that it was made within one year from the death of the grandmother, Mary A. Reissig, who was being paid compensation as the widow and dependent of Michael A. Reissig. Section 39 of article 101 of the Code, after prescribing the time within which an injured employee must make application for compensation, then provides: "When death results from injury the parties entitled to compensation under this Article, or some one in their behalf, shall make application for same to the Commission within one year from the date of death, which application must be accompanied with proof of death and proof of relationship under this Article, certificates of attending physician, if attended by a physician, and such other proof as may be required by the rules of the Commission." These provisions of the statute were fully complied with by Mary A. Reissig, the widow of the injured deceased, but no mention of the appellee being a dependent of the deceased was made in her application; and no claim was ever made by the appellee or on his behalf within one year from the death of the injured employee. The appellants urge that the provisions of section 39 are applicable to and govern this case, and argue that all dependents entitled to compensation resulting from the death of the injured employee must apply to the commission for compensation within one year from said death, or be forever barred. In our opinion, the provisions of said section 39 have no application to the facts of this case; but such a state of facts as disclosed by the record is controlled by subsection 4 of section 36. The pertinent provisions of that subsection are as follows: "The right to any compensation payable to any dependent and unpaid at the date of death of any such dependent shall survive to and be vested in the surviving dependents as the Commission may determine, if there be such surviving dependents, and if there be none such, then the compensation shall cease."

Compensation had originally been awarded to Mary A. Reissig, a dependent of her deceased husband, Michael A. Reissig, at the rate of $18 per week payable weekly for the

period of 277 7/9 weeks, said compensation to begin as of November 17th, 1927. If she had lived 277 7/9 weeks from November 17th, 1927, she would have received the full award, amounting to $5,000. She died December 20th, 1930, at which time a portion of the award remained unpaid. The question is: Who is entitled, if any one, to the unpaid balance of the award? This is answered by that portion of the statute heretofore quoted, which provides that the unpaid portion of the award shall survive to and be vested in the surviving dependents as determined by the commission, if there be such surviving dependents, and if there be none such, then the compensation shall cease. The same section authorizes the commission to determine the surviving dependents to whom the award survives and in whom it vests. The inquiry is: Upon the death of Mary A. Reissig, are there any such dependents of Michael A. Reissig, the injured deceased, in whom the unpaid portion of the award theretofore made to Mary A. Reissig could vest? In determining whether a grandchild of Michael A. Reissig is a dependent for this purpose, the date of his injury is the date as of which the inquiry must be made. Section 36, subsection 4, article 101; *Aldeman v. Ocean Acc. & Guar. Corp.*, 130 Md. 572, 101 A. 529. The date of the injury resulting in the death of Michael A. Reissig was September 22nd, 1927; and at that time the appellee was four years old, living in the home of the injured employee, and being wholly supported by him.

Some suggestion is made that the word "grandchild," as used in the statute, does not include one in the situation of the appellee, he being an illegitimate child. There is no force in such an argument. It is true that the appellee is the illegetimate child of a daughter of Michael A. Reissig, but that does not prevent the appellee being his grandchild. Certainly all of the children of the daughter of Michael A. Reissig are his grandchildren, whether they be her legitimate or illegitimate children. If Michael A. Reissig had died intestate after the death of the appellee's mother, in such event it is certain that the appellee would have inherited from the intestate as a grandchild. *Barron v. Zimmerman,* 117 Md.

296, 83 A. 258. But apart from the question of whether the appellee is the grandchild, he being an illegitimate child, by virtue of the statute he would be a dependent if at the time of injury he were a member of the household of the decedent and had received contributions toward his support from such deceased employee during any part of the six months immediately preceding the accident or death. Section 65, subsection 10, article 101. Section 65 is subtitled, "Definitions as used in this Article," and subsection 10 is, "The Term 'child' and 'children' shall include posthumous children and adopted children, whether members of the deceased employee's household at the time of his accident or death or not, and shall also include step-children, illegitimate children and other children, if such step-children, illegitimate children and other children were members of the household of the decedent at the time of the accident or death and had received contributions toward their support from such deceased employee during any part of the six months immediately preceding the accident or death."

Nowhere in article 101 do we find a requirement that all of the dependents of the injured or deceased employee should be ascertained and determined by the commission at the time of application for compensation by any one or more of such dependents. Upon the decease of the dependent to whom compensation had been awarded, before the full award had been paid, an application is made by some other dependent for the unpaid balance of the award. It then for the first time becomes incumbent upon the commission to determine whether the said applicant is a dependent of the deceased employee; and in deciding that question, they must look to the conditions as they existed at the time of the injury.

The rulings and judgment of the court being in accord with the views herein expressed, the same will be affirmed.

*Judgment affirmed, with costs.*