CATHERINE CLINE *v.* MAYOR AND CITY COUNCIL OF BALTIMORE

[No. 107, September Term, 1971.]

*Decided November 10, 1971.*

338

The cause was argued before MURPHY, C. J., and AN-
DERSON and CARTER, JJ.

*John B. Fox*, with whom was *Frank J. Blair* on the brief, for appellant.

*Richard K. Jacobsen, Assistant City Solicitor*, with whom were *George L. Russell, City Solicitor*, and *Clayton A. Dietrich, Chief Assistant Solicitor*, on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

On April 3, 1967 appellant's husband sustained an accidental injury compensable under the Workmen's Compensation Law, Maryland Code, Article 101, as a result of which he died on June 2, 1967. The law in effect at the time of the accident, Section 36 of Article 101, specified in pertinent part:

> "Each employee (or in the case of death his family or dependents) entitled to receive compensation under this article shall receive the same in accordance with the following schedule * * *.
>
> * * *
>
> "(8) (a) In case the injury causes death within the period of five years the benefits shall be in the amounts and to the persons following: If there are wholly dependent persons at the time of death, the payment shall * * * not * * * amount to more than a maximum of fifteen thousand ($15,000) dollars * * *."

On June 1, 1967 — one day before appellant's death — Section 36(8) (a) was amended by Chapter 150 of the Acts of 1967; the amendment increased the death benefits payable to wholly dependent persons from a maximum of $15,000 to a maximum of $27,500. Section 2 of the Act provided: "That this Act shall take effect June 1, 1967."

Both the Workmen's Compensation Commission and, on appeal from the Commission's decision, the Court of

Common Pleas, held that appellant, as surviving dependent of the deceased workman, was limited in her recovery to the amount of death benefits provided by the statute in force at the time of the injury on April 3, 1967, *i.e.*, $15,000, and not, as claimed by her, the amount specified in Chapter 150 — a maximum of $27,500.00. The question before us on this appeal is whether the law in effect on the date of the employee's injury or that in effect on the date of his death, governs the amount of death benefits which the appellant, as wholly dependent widow, is entitled to receive.

Under the Workmen's Compensation Law of Maryland there are two distinct types of claims which may arise in favor of dependents:

(1) The claims of dependents in cases where the employee dies from causes not related to his compensable injury, leaving unpaid at the time of his death an award of permanent total or permanent partial disability compensation. Code, Article 101, Sections 36(1)(c), 36(4)(c);

(2) the claims of dependents in cases where death was the result of the compensable injury and occurred within five years of the injury. Section 36(8).

In the first type of case it is not the death which is compensable under the statute but rather the injury, and it is the right of the workman himself to collect the benefits unpaid from that injury at the time of his death which survives. Those who take, in the event of his death, take under him, and not independently. Thus, the survivor's right to payment of compensation benefits is governed by the statute in effect at the time of the injury. See *Furley v. Warren-Ehret Co.*, 195 Md. 339.

In the second type of case — where death occurs as a result of the injury — although the survivor's right to death benefits arises out of the compensable injury, it is the employee's death itself which is the compensable

event, and the right of the surviving dependents to death benefits is separate and independent of the injured employee's rights and does not depend upon whether compensation was paid to the injured workman during his lifetime. *Sea Gull Specialty Co. v. Snyder,* 151 Md. 78. In other words, the dependent's right to death benefits is an independent right derived from statute, and not from the rights of the decedent. See 2 Larson's Workmen's Compensation Law, Section 64.10. It was upon this basis — that the surviving dependent's rights were independent of those of the deceased worker — that the court held in *Sea Gull* that the amount of temporary total compensation benefits paid to the injured employee during his lifetime was not deductible from the amount of the award of death benefits payable to his dependents.

A number of jurisdictions have held that where the workmen's compensation statute vests in the survivor of a workman dying from compensable injuries a separate and independent right to compensation on account of his death, the amount recoverable is governed by the law in effect at the time of his death. See *State v. Dickerson,* 115 N.E.2d 833 (Ohio) ; *Peterson v. Federal Mining and Smelting Co.,* 170 P. 2d 611 (Idaho) ; *Hirsch v. Hirsch Bros.,* 92 A. 2d 402 (N.H.) ; *Carlson v. District Court,* 154 N. W. 661 (Minn.) ; 99 C.J.S. *Workmen's Compensation* Section 130; 58 Am. Jur. *Workmen's Compensation,* Section 301; Annotation, 82 A.L.R. 1244. These cases recognize that while the survivor's right to death benefits arises out of, or has its source in, a compensable injury sustained by the employee which causes his death, the survivor's independent right to death benefits does not accrue during the workman's lifetime but only upon his death; and because of this, the obligations and rights of the parties do not become fixed until the employee's death. Thus, according to these cases, where the amount of death benefits is increased by the Legislature after the date of the accident, but before the date of the employee's causally related death, the surviving dependents are entitled to the increase.

342

Other jurisdictions have held that the date of the accident is controlling; they reason that a contract has been created between the employer and employee embodying the provisions of the workmen's compensation statutes as they exist at the time of the injury; and that such statutes are an integral part of the contract of employment which would be impaired by the Legislature if it increased the amounts in force at the time the injury was sustained. Cases reaching this result are *Quilty v. Connecticut,* 113 A. 149 (Conn.) ; *Hecht v. Parkinson,* 70 So. 2d 505 (Fl.) ; *Maxwell v. State Compensation Director,* 144 S.E.2d 493 (W. Va.). See also Schneider's Workmen's Compensation Text, Vol. 9, Section 1927, which flatly states the rule to be that "the schedule of payments in effect at the time the employee was injured govern the payments to the dependents, though the law increasing the payments became effective before the employee's death."

The Maryland cases shed little light on the rule to be applied in this State. In *Meyler v. Mayor and City Council of Baltimore,* 179 Md. 211, the question before the court was whether the appellant was a dependent of the deceased workman who had died from his compensable injury. The court concluded that questions of dependency were to be determined by conditions as they existed at the time of the injury, and it was in this context that the court announced the rule at page 215 that "when the death of an employee ensues from an injury, the right of a dependent to compensation becomes fixed as of the date of the injury, irrespective of any subsequent change of conditions." That questions of dependency are determined under facts existing at the time of the injury which proved fatal was made the rule by statute following the *Meyler* decision. Article 101, Section 36 (8) (d). See also *Maryland House of Correction v. Jenkins,* 228 Md. 146, and *Outten Bros. v. Dunn,* 232 Md. 590.

*Di Pietro v. Mayor and City Council of Baltimore,* 179 Md. 220, involved the question whether the surviving dependents of a deceased workman, whose claim for com-

pensation benefits had previously been disallowed, could reopen the issue of the compensability of the accident and adduce new evidence on that question. The court held that the original order finding the accident noncompensable was *res judicata* and binding upon the surviving dependents. In the course of its opinion, the court said at page 222 that in *Sea Gull* it had determined "that the dependents of an employee, if he dies as a result of injury in the course of his employment, are entitled to compensation if 'the deceased party would have been entitled to compensation had he lived,' and that the amounts of compensation 'are separate and independent of each other.'"

In *Lord Baltimore Hotel Co. v. Doyle,* 192 Md. 507, involving a suit by dependents of a deceased workman claiming death benefits under the Workmen's Compensation Law, the question was whether the workman's injury was compensable. It was in the context of that question that the court said at page 509 that "the claim of the surviving dependents must be measured by the same tests of liability as would have been applied to the claim of the employee himself, had he survived."

None of these cases hold, as claimed by appellee, that under Maryland law the amount of death benefits payable to a surviving dependent is fixed at the time of the accident. Without question, the liability of the employer to make workmen's compensation payments for injuries to the workman, and its contingent liability to the surviving dependents should the injury result in death, is fixed at the time of the accident. But under the holding in *Sea Gull* the amounts of compensation payable to the workman and his surviving dependents in cases where death is caused by the injury are separate and distinct, undoubtedly because their respective causes of action are based on different compensable events, *viz.,* injury in the case of the workman, and death in the case of the dependents. It is plain that the Legislature recognized this dichotomy; by structuring Section 36 into different subsections, it gave separate treatment to the two causes of action. In any event, the Legislature is presumed to know

the import of the holding in *Sea Gull* and that the surviving dependent's cause of action does not accrue until or unless the workman dies from his compensable injury within the five year statutory period. By its amendment to Section 36 (8) (a), increasing the maximum death benefits payable to dependents, and by its provision that such increase take effect June 1, 1967, the Legislature must have intended what it plainly provided — that where death occurred after the Act's effective date, the amendment would be applicable. *Cf. Hampton Roads Stevedoring Corp. v. O'Hearne,* 184 F. 2d 76 (4th Cir.). In so concluding, we have been mindful of the cardinal rule of statutory construction that the courts should ascertain the legislative intent and give effect to that intent. *Domain v. Bosley,* 242 Md. 1. We have been equally mindful of the rule that the Workmen's Compensation Act must be liberally construed in favor of the employee and his dependents, and that where there is ambiguity in the compensation law the uncertainty should be resolved in favor of the claimant. *Barnes v. Ezrine Tire Co.,* 249 Md. 557; *Bethlehem Sparrows Point Shipyard v. Hempfield,* 206 Md. 589. To conclude that surviving dependents are entitled to the greater benefits provided by Chapter 150 of the Acts of 1967, even though the workman's death was the result of an injury sustained before the enactment of the statute, is not to afford a retroactive application to the Act's provisions. On the contrary, such a construction is purely prospective — it applies only to deaths occurring after the Act's effective date. An analogous situation was before us in *Wittel v. Baker,* 10 Md. App. 531; that case involved a statute increasing the dependents' basis for damages in wrongful death cases under the Lord Campbell statute. We there held that the amendment increasing the basis of damages applied to cases in which the death occurred subsequent to the effective date of the Act, but was not applicable to cases involving injuries which occurred prior thereto. We reasoned at p. 542 that the "cause of action accrues on death, not on the commission of the tort," and that "no action

for wrongful death can be maintained until death occurred."

Appellee suggests that the holding we reach will alter the preexisting situation of the parties, and affect and interfere with their antecedent rights. We, of course, recognize the general rule that "[a]n amendatory act takes effect, like any other legislative enactment, only from the time of its passage, and has no application to prior transactions, unless an intent to the contrary is expressed in the Act or clearly implied from its provisions." *Janda v. General Motors,* 237 Md. 161, 169; *Tax Comm. v. Power Company,* 182 Md. 111, 117. But no vested rights were impaired in this case and no "prior transactions" affected since the surviving dependents had no right, nor the employer any fixed liability, until death occurred. *Cf. Silberman v. Jacobs,* 259 Md. 1, where the inchoate right to dower was abolished. Once death took place, but not before, the rights and liabilities of the parties became fixed for the first time and the rate of compensation could not thereafter, with respect to such event, be changed. See *Warner v. Zaiser,* 239 N. W. 761 (Minn.). In the instant case, appellant's rights as surviving dependent became fixed as of the date of her husband's death and the statutory schedule in effect at that time governs.[1]

> *Judgment reversed; case remanded for the entry of an order in conformity with this opinion; costs to be paid by the appellee.*

---

1. We note that by Chapter 403 of the Acts of 1971, Section 36(8)(a) was again amended; the amendment increased the maximum weekly death benefit payments to be made to surviving dependents, within the $27,500 maximum amount payable. Section 2 of that Act provided that "This Act shall not apply to accidental injuries or occupational diseases occurring prior to July 1, 1971." Although inartfully phrased, we think it clear that the Legislature intended that surviving dependents not benefit from the provisions of that Act unless the injury which resulted in death occurred after the Act's effective date. But what the Legislature intended in the 1971 Act is not the measure of what it intended in the 1967 Act.