627 A.2d 56

**TORTUGA, INC., et al.**

v.

**Teresa A. WOLFENSBERGER.**

**No. 1621, Sept. Term, 1992.**

Court of Special Appeals of Maryland.

July 7, 1993.

Certiorari Denied Nov. 19, 1993.

George M. Church (Church & Houff, P.A., on the brief), Baltimore, for appellants.

William S. Barton (Urner, Nairn, Barton & Williams, on the brief), Hagerstown, for appellee.

Argued before GARRITY, DAVIS and HARRELL, JJ.

GARRITY, Judge.

Tortuga, Inc. and its insurer, Pennsylvania Mutual Casualty Co., appeal from an Order of the Circuit Court for Washington County (Wright, III, J.) granting Teresa A. Wolfensberger's motion for summary judgment. Appellants contend that the trial court erred in ruling that the Workers' Compensation Commission had authority to grant appellee weekly vocational rehabilitation benefits during evaluation and/or job placement.

### Facts

On July 12, 1987, appellee Teresa Wolfensberger, a waitress at the Tortuga restaurant, sustained an accidental injury arising out of and in the course of her employment. In 1992,

due to a worsening of condition of her injury, the Workers' Compensation Commission (hereinafter "Commission") awarded appellee additional permanent partial disability and ordered that she be referred to the Department of Vocational Rehabilitation for "evaluation and/or job placement." The employer/insurer was ordered to pay appellee compensation at the temporary total disability rate of $143.00 per week during referral and job placement. Following denial by the Commission of its request for rehearing, appellants appealed to the Circuit Court for Washington County where both sides filed motions for summary judgment. After argument, the court granted summary judgment in favor of appellee, thereby affirming the Order of the Workers' Compensation Commission.

The only issue in this appeal is whether the trial court was correct in determining that appellee was entitled to weekly vocational rehabilitation benefits during the evaluation referral and job placement activities.

## Analysis

Appellants contend that the Workers' Compensation statute in effect in July, 1987, when appellee's accident occurred, did not authorize the Commission to award weekly vocational rehabilitation benefits to appellee during a period of evaluation referral and job placement. The relevant law in effect at the time of appellee's injury was Article 101, § 36(8) of the Ann.Code of Md. It provided, in pertinent part:

(8) *Vocational rehabilitation.*—(a) In this article, the following terms have the meanings indicated:

(i) "Vocational rehabilitation" means professional services reasonably necessary to enable an injured employee, as soon as practical, to achieve maximum medical improvement and secure suitable gainful employment.

\*　　\*　　\*　　\*　　\*　　\*

(c) When as the result of an injury, an employee is disabled from performing work for which he was previously qualified, he shall be entitled to vocational rehabilitation. The em-

ployer and insurer shall pay the expenses of the vocational rehabilitation. The Commission shall refer the employee to an appropriate rehabilitation evaluation agency for evaluation of the practicability of, need for, and type of training necessary and appropriate to render the employee fit for a remunerative occupation. Vocational rehabilitation training shall not extend for a period of more than 24 months.

*   *   *   *   *   *

(e) During the period an employee is undergoing vocational rehabilitation training, he shall be entitled to compensation as if he were temporarily totally disabled.

Appellants asseverate that this statute should be read narrowly, only allowing benefits for claimants undergoing actual vocational "training" during the relevant period, rather than mere evaluation or job placement. Since the Commission's Order contains no provision that appellee be entered into a vocational rehabilitation training program, appellants contend that the Commission was in error in ordering weekly compensation benefits.

The avowed purpose of the Workers' Compensation Act is remedial in nature. It was designed to "provide compensation for loss of earning capacity resulting from accidental injuries sustained in industrial employment." *Cox v. American Store Equip. Corp.,* 283 F.Supp. 390, 394 (D.Md. 1968). In addition, the case law has held that, where an ambiguity in the law exists, "the uncertainty should be resolved in favor of the claimant." *Cline v. Mayor of Baltimore,* 13 Md.App. 337, 344, 283 A.2d 188, *aff'd* 266 Md. 42, 291 A.2d 464 (1972). These principles do not, however, mean that the Act should be construed to provide for benefits beyond those authorized by its provisions. *Ewing v. Koppers Co., Inc.,* 69 Md.App. 722, 731, 519 A.2d 790 (1987).

■ We have been referred to, and our own research has discovered, no reported case addressing this issue.[1] In order to reach our conclusion, we must engage in the exercise of statutory construction, the object of which is to ascertain and realize the intention of the Legislature. *State Department of Assessments and Taxation v. Belcher,* 315 Md. 111, 119, 553 A.2d 691 (1989); *Weidig v. Tabler,* 81 Md.App. 488, 493, 568 A.2d 868 (1990).

In construing the Maryland Workers' Compensation Act, the Court in *Lovellette v. City of Baltimore,* 297 Md. 271, 465 A.2d 1141 (1983), stated:

> [T]he cardinal rule of statutory construction is to ascertain and effectuate the actual intention of the legislature. The primary source from which to determine the legislative intention is the language of the statute itself. In determining the meaning of a statutory provision, the statute must be examined as a whole and the interrelationship or connection among all of its provisions considered. More particularly, the Workmen's Compensation Act is to be construed as liberally in favor of injured employees as the Act's provisions will permit so as to effectuate its benevolent purpose as remedial social legislation. Any uncertainty in the meaning of the statute should be resolved in favor of the claimant.

*Lovellette,* 297 Md. at 282, 465 A.2d 1141.

■ In further explicating the principles of statutory interpretation, the Court in *Kaczorowski v. City of Baltimore,* 309 Md. 505, 525 A.2d 628 (1987), quoted language from Justice Holmes' opinion in *United States v. Whitridge,* 197 U.S. 135, 143, 25 S.Ct. 406, 408, 49 L.Ed. 696 (1905), that "the general purpose [of a statute] is a more important aid to the meaning than any rule which grammar or logic may lay down." *Kaczorowski,* 309 Md. at 514, 525 A.2d 628. In pursuing the contextual meaning of statutory language, we

---

1. The Commission has previously construed the statute at issue to include job placement. This interpretation, however, was the product of neither contested adversarial proceedings nor formal rule promulgation.

often must consider other manifestations of intent, including a bill's title and function paragraphs, amendments that occurred as it passed through the legislature, its relationship to earlier and subsequent legislation and other material bearing on legislative purpose, which becomes the context surrounding the language in issue. *Id.* at 515, 525 A.2d 628. As we stated in *Weidig,* 81 Md.App. at 493, 568 A.2d 868, "[w]hat *Kaczorowski* and its progeny teach us is that the rules of construction should not be employed to defeat the legislative objective." We turn now to the application of these principles.

In 1929, the General Assembly enacted a statute entitled "Vocational Rehabilitation." 1929 Md.Laws, Ch. 201. The genesis of the Workers' Compensation Vocational Rehabilitation Act, this statute provided for the vocational rehabilitation and placement of injured and disabled persons in remunerative employment. The State Board of Education and the State Industrial Accident Commission [2] were entrusted with the administration of the Act. This statute was prompted by the Congressional Act entitled "An Act to provide for the promotion of vocational rehabilitation of persons disabled in industry or otherwise and their return to civil employment." The Act provided federal funding to those states that agreed to meet certain conditions, one of which was *to provide vocational rehabilitation and placement* to injured workers. H.R. 5478, 68th Cong., 1st Sess., Ch. 265 (1924). By its vocational rehabilitation statute, Maryland "accept[ed] the provisions and benefits" of the federal act. 1929 Md.Law, Ch. 201.

It is difficult, therefore, to imagine that the Legislature wished to constrain an injured worker during the rehabilitation period and provide support only when the worker was actively involved in a "training" program. This is borne out in part by the 1988 amendments that provide a more expansive

---

2. The State Industrial Accident Commission has since been renamed the Workers' Compensation Commission.

definition of vocational rehabilitation.[3] These amendments did not change, but rather clarified the existing statute. The preamble to the amendments, which were passed as H.B. 888, Ch. 699, Laws of Md.1988, states that the amendments were passed:

> FOR the purpose of *clarifying* certain provisions of the workers' compensation law relating to vocational rehabilitation; ... substituting the term "vocational rehabilitation services" for the term "vocational rehabilitation"; defining certain terms; increasing the period of time in which certain persons can request a hearing on certain issues; making technical changes; and generally relating to the workers' compensation law relating to vocational rehabilitation. (Emphasis added.)

Although appellants allege that the original intent of the Legislature was to pass a restrictive Act, it is clear, not only from the general tenor of the original Act but also from the preamble to the subsequent amendments and the amendments themselves, that the true intent of the Legislature was to benefit the injured worker in an encompassing manner.

In general, decisions of administrative agencies, such as the Commission, are afforded varying degrees of deference by reviewing courts. In *Frank v. Baltimore County*, 284 Md. 655, 658, 399 A.2d 250 (1979), the Court of Appeals observed that, in reviewing a ruling of the Commission:

> We, as the circuit court, are to be guided by the general statutory command that "the decision[s] of the Commission

---

3. The 1988 amendment to Art. 101, § 36(9) expanded the definition and coverage of vocational rehabilitation services. Under § 36(8)(a)(i)(2), vocational rehabilitation services now include:
   A. Coordination of medical services;
   B. Vocational assessment;
   C. Vocational evaluation;
   D. Vocational counseling;
   E. Vocational rehabilitation plan development;
   F. Vocational rehabilitation plan monitoring;
   G. Vocational rehabilitation training;
   H. Job development; and
   I. Job placement.

[are] entitled to prima facie correctness." A court, therefore, may reverse a commission ruling only upon a finding that its action was based upon an erroneous construction of the law or facts. (Citations omitted.) (Brackets in original.)

▮▮▮ Both the Commission and the Circuit Court for Washington County interpreted the history of the statute, its broad language and the liberal construction afforded it as the legislature's intention that for the purpose of receiving temporary total disability benefits, vocational rehabilitation includes evaluation and job placement activities. As the Court said in *Frank*, 284 Md. at 659, 399 A.2d 250, "in construing statutes, results that are unreasonable or inconsistent with common sense should be avoided whenever possible." We believe that the Commission and the circuit court reached a logical result in keeping with the remedial purpose of the statute.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANTS.**