705 A.2d 142

**NATIONAL CORPORATION FOR HOUSING PARTNERSHIP, MEADOWOOD TOWNHOUSE, INC., et al.**

v.

**Shirley Jean KELLER.**

**No. 765, Sept. Term, 1997.**

Court of Special Appeals of Maryland.

Feb. 3, 1998.

---

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

James A. Haynes (Thomas J. Michels, on the brief), Towson, for Appellants.

Robert Taylor, Jr. (Ingerman & Horowitz, on the brief), Baltimore, for Appellee.

Argued before DAVIS, HOLLANDER and EYLER, JJ.

HOLLANDER, Judge.

This case calls upon us to construe the term "surviving dependents" with respect to permanent partial disability benefits awarded posthumously for an injured worker who died from a cause unrelated to her workplace injury. In particular, we focus on whether Maryland Code (1991 Repl.Vol.), § 9-632(c) of the Labor and Employment Article ("L.E."), requires a determination of dependency as of the time of the worker's injury or the worker's death. Neither party refers us to any Maryland case that clearly establishes when dependency is to be determined in the event that a worker dies before receipt of all permanent partial disability benefits. Nevertheless, appellants urge us to establish dependency as of the time of the worker's injury, while appellee argues that it should be established as of the worker's death. The outcome of the dispute will determine whether the deceased worker's son is entitled to collect his late mother's disability benefits.

## FACTUAL SUMMARY

On February 19, 1990, Shirley Jean Keller ("claimant" or "worker"), appellee,[1] who was then 54 years old, was seriously injured while working for the National Corporation for Housing Partnership, Meadowood Townhouse, Inc. ("Employer" or "Meadowood"), appellant.[2] As a result of the accident, Kenneth Keller ("Keller"), the worker's adult son, left his residence in California and relocated to Maryland to care for his ailing mother. During this time, Keller became financially dependent upon his mother.

Because of her accident, Ms. Keller filed a workers' compensation claim and received temporary total disability benefits. On February 1, 1994, prior to the resolution of Ms. Keller's permanency claim by the Workers' Compensation Commission (the "Commission"), she died of sudden cardiac arrest. It is

---

1. Although Ms. Keller died, the parties refer to her as the appellee.

2. The Employer's insurer, the Injured Workers' Insurance Fund, is also an appellant herein.

undisputed that the cause of Ms. Keller's death was not related to her workplace injury. For purposes of this appeal, the parties also agree that Keller was financially dependent upon his mother when she died, but he was not dependent upon her when the injury first occurred.

In February 1995, approximately one year after Ms. Keller's death, the Commission found that Ms. Keller had "sustained a permanent partial disability ... amounting to 75% industrial loss of use of the body as a result of the injury to the neck and right shoulder." Thereafter, on May 2, 1995, the Commission held a hearing to determine whether Keller was a surviving dependent of the claimant.

By order dated July 21, 1995, the Commission found that Keller qualified as a surviving dependent, and awarded his mother's unpaid disability benefits to him, pursuant to L.E. § 9–632(c). The Commission thus ordered appellants to pay Keller the claimant's permanent partial disability compensation, which was set at a rate of $180.00 per week, beginning February 1, 1994, for a period of five hundred weeks. The payment was subject to a credit for the temporary total disability payments that the worker had received before she died.

Thereafter, appellants sought judicial review of the Commission's decision in the Circuit Court for Baltimore County. At the hearing on February 19, 1997, the circuit court affirmed the Commission, stating:

Section 9–632 [of the Labor and Employment Article] specifically deals with the situation of survival of benefits where the death was not caused by the injuries sustained in the accident and Subsection (e), which is not applicable to this particular factual situation, but does indicate:

"If there are no surviving dependents of the covered employee and, on the date of death, the covered employee did not have a legal obligation to support a surviving spouse, the right to compensation survives only to the surviving minor children of the covered employee."

I cite that because I think it's significant [that the] Legislature in Subsection (e) did look at the date of death as opposed to the date of injury. The applicable section is 9–632(c), which states:

"If there are surviving dependents of the covered employee, the right to compensation survives to the surviving dependents as the Commission may determine."

So, it seems to me that the Legislature is making a distinction as to whether or not there are, in fact, surviving dependents. In coupling that with Subsection (e) where the Legislature refers to date of death, it seems to the Court that the Legislature intended for the Court to look to see if there was [sic], in fact, surviving dependents on the date of death and it's uncontradicted and, indeed, conceded that Mr. Keller was a surviving dependent on the date of his mother's death.

So for those reasons, the Court believes that these benefits do survive to Mr. Keller and [this court] will affirm the decision of the Commission.

Thereafter, appellants timely lodged the instant appeal.

### ISSUE

Appellants present two questions for our review, which we have combined and rephrased:

In a Workers' Compensation action, when a claimant dies from a cause unrelated to the permanent partial disability claim, is surviving dependency, pursuant to L.E. § 9–632(c), established as of the time of the claimant's injury or as of the time of the claimant's death?

■ In our view, L.E. § 9–632(c) vests the Commission with discretion to determine surviving dependency either at the time of the claimant's injury or at the time of the claimant's death. Accordingly, we shall affirm.

### DISCUSSION

■ The Maryland Workers' Compensation Act ("the Act"), codified in Code, Title 9 of the Labor and Employment

Article,[3] "entitles covered employees to compensation for accidental personal injuries that arise 'out of and in the course of employment[.]'" *Barnes v. Children's Hosp.*, 109 Md.App. 543, 553, 675 A.2d 558 (1996) (quoting L.E. §§ 9–101(b), 9–501(a)). It is well settled that the provisions of the Act are liberally construed in favor of the employee, in order to accomplish the Act's benevolent purpose. *Bethlehem–Sparrows Point Shipyard, Inc. v. Hempfield*, 206 Md. 589, 594, 112 A.2d 488 (1955); *see also Lovellette v. Mayor of Baltimore*, 297 Md. 271, 282, 465 A.2d 1141 (1983); *Barnes*, 109 Md.App. at 553, 675 A.2d 558; *Ewing v. Koppers Co., Inc.*, 69 Md.App. 722, 731, 519 A.2d 790 (1987). Similarly, any ambiguity in the law must be resolved in favor of the employee. *Mayor of Baltimore v. Cassidy*, 338 Md. 88, 97, 656 A.2d 757 (1995); *Barnes*, 109 Md.App. at 554, 675 A.2d 558. Nevertheless, we may not extend coverage beyond that authorized by statute. *Tortuga, Inc. v. Wolfensberger*, 97 Md.App. 79, 83, 627 A.2d 56, *cert. denied*, 332 Md. 703, 632 A.2d 1209 (1993); *see Montgomery County v. McDonald*, 317 Md. 466, 472–73, 564 A.2d 797 (1989).

L.E. § 9–632(c), which governs the survival of permanent partial disability compensation, is at issue here. It mandates that, under certain circumstances, when the claimant dies from a non-compensable cause, any unpaid permanent partial disability compensation "survives" to the claimant's "surviving dependents." The provision is silent concerning the determination of dependency status, however. The section states, in part:

**Survival of compensation.**

---

**3.** At the time of Ms. Keller's injury, Code, Article 101, governed workers' compensation claims. By the time Ms. Keller's claim was filed, however, Code, Article 101, had been recodified in the Labor and Employment Article. The reorganization was not intended to make any substantive changes, however. *See* L.E. § 9–632 (Revisor's Note); *Para v. Richards Group of Washington Ltd. Partnership*, 339 Md. 241, 245, 661 A.2d 737 (1995); Richard P. Gilbert & Robert L. Humphreys, Jr., *Maryland Workers' Compensation Handbook* § 2.3, at 34 (2d ed.1993). As the parties refer to the Labor and Employment Article, we shall do the same.

\* \* \*

(b) *In general.*—If a covered employee dies from a cause that is not compensable under this title, the right to compensation that is payable under this Part IV of this subtitle and unpaid on the date of death survives in accordance with this section.

(c) *Surviving* dependents.—If there are surviving dependents of the covered employee, **the right to compensation survives to the surviving dependents as the Commission may determine.**

(d) *No surviving dependents; obligation to support surviving spouse.*—If there are no surviving dependents of the covered employee and, **on the date of death,** the covered employee had a legal obligation to support a surviving spouse, the right to compensation survives jointly to:

(1) the surviving spouse of the covered employee; and

(2) the surviving minor children of the covered employee.

(e) *No surviving dependents or obligation to support surviving spouse.*-If there are no surviving dependents and, **on the date of death,** the covered employee did not have a legal obligation to support a surviving spouse, the right to compensation survives only to the surviving minor children of the covered employee.

(Italics in original; boldface added).[4]

Because L.E. § 9–632(c) does not contain any statutory language concerning the determination of dependency status, appellants urge us to rely on L.E. § 9–679. That provision governs a dependent's entitlement to compensation *for the death of a covered employee when the worker's death is* the

---

**4.** Two other sections of the current statutory scheme permit the survival of disability benefits when the claimant's death is unrelated to the disability: L.E. § 9–640(c) provides for the survival of permanent total disability benefits, and L.E. § 9–646(c) provides for the survival of disability benefits in connection with a hernia resulting from an accidental personal injury. The operative language of these sections is the same as that of L.E. § 9–632(c).

result of an accidental personal injury or occupational disease. L.E. § 9–679 states:

**Determination of dependency.**

Except as otherwise provided in this subtitle, the Commission shall determine all questions of partial or total dependency **in accordance with the facts of each case that existed:**

(1) **at the time of the occurrence of the accidental personal injury that caused the death** of the covered employee; or

(2) **on the date of disablement from the occupational disease that caused the death** of the covered employee. (Boldface added).

It is apparent that, in contrast to L.E. § 9–632(c), which is silent with respect to determining dependency, L.E. § 9–679 addresses the time or event that determines dependency status. It provides that, in death benefit cases, dependency is determined "at the time of the occurrence of the accidental personal injury" or "on the date of disablement." Appellants posit that the Legislature's failure to articulate in L.E. § 9–632(c) when dependency arises means that the Legislature intended the Commission to incorporate L.E. § 9–679. Therefore, they contend that, as with L.E. § 9–679, dependency under L.E. § 9–632(c) is ascertained as of the time of the claimant's injury, rather than as of the time of the claimant's death.

In advancing this position, appellants point to the similarities between disability benefits and death benefits insofar as dependency is concerned. They argue that "the weight of those similarities makes it clear that the [L]egislature intended a single definition for 'dependents' rather than two definitions." Moreover, appellants assert that, if the Legislature had intended dependent status to be determined as of the time of death, it would have included the phrase "on the date of death" in L.E. § 9–632(c), just as it did in L.E. §§ 9–632(d) and (e). Because the statute specifies "on the date of death" in L.E. §§ 9–632(d) and (e), but not in L.E. § 9–632(c),

appellants suggest that this Court should infer from the Legislature's omission in L.E. § 9–632(c) that it intended dependency to be determined as of the time of a claimant's injury. Appellants argue that, under L.E. § 9–632(c),

> [t]hose who are entitled to benefits as dependents are the persons who suffered a loss of support as a result of the injury. Only those individuals who were dependent on the injured worker on the date of the accident or disablement from an occupational disease could suffer a loss or reduction of support as a result of that compensable event. Persons who become dependent only after the accident cannot experience an accident-induced reduction in their support.

Appellants also contend that if the Legislature meant dependency to be determined at the time of death, it would not have used the term *"surviving* dependents" in L.E. § 9–632(c). In this regard, appellants aver that "[t]he modifier 'surviving' clearly indicates that 'dependents' can predecease the injured worker." It follows that if a dependent predeceases a claimant, dependency must have existed *before* the death of the claimant. Further, appellants maintain that, in the death benefit context, the term "surviving dependents" has been construed in case law to refer to the time of the claimant's injury. Thus, they urge us to apply the same reasoning to determine dependency in a case involving permanent partial disability benefits.

Additionally, appellants rely on the legislative history of the Act. They state: "The amendments offered in the legislative process make it clear that the legislature carefully considered the question of dependency. *It seems incredible that the legislature did not intend the expression 'surviving dependents' to relate to the date of accident in cases of both related and unrelated death."* (Emphasis added).

Appellee counters that, in view of the absence in L.E. § 9–632(c) of any language indicating when dependency is to be determined, and the references to the date of death in L.E. §§ 9–632(d) and (e), dependency must be established at the time of death. Appellee also posits that a death benefit case is

unlike a disability case, and thus the language used in L.E. § 9–679 for death benefit cases, and the case law construing death benefits, do not apply here.

In view of the Legislature's failure to articulate in L.E. § 9–632(c) the time or event that governs dependency status in the disability context, we turn to consider the principles of statutory construction. These principles guide our resolution of the parties' conflicting interpretations of L.E. § 9–632(c).

■■■ The fundamental precept of statutory construction requires us to ascertain the Legislature's intent. *Oaks v. Connors,* 339 Md. 24, 35, 660 A.2d 423 (1995); *Cassidy,* 338 Md. at 93, 656 A.2d 757; *Privette v. State,* 320 Md. 738, 744, 580 A.2d 188 (1990). Ordinarily, we refer to the language of the statute to accomplish this task, *State v. Pagano,* 341 Md. 129, 133, 669 A.2d 1339 (1996); *Allied Vending, Inc. v. City of Bowie,* 332 Md. 279, 306, 631 A.2d 77 (1993); *State v. Patrick A.,* 312 Md. 482, 487, 540 A.2d 810 (1988), and give the statutory language "its natural and ordinary meaning." *Montgomery County v. Buckman,* 333 Md. 516, 523, 636 A.2d 448 (1994). As the Court stated in *Harris v. State,* 331 Md. 137, 146, 626 A.2d 946 (1993), "Giving the words their ordinary and common meaning 'in light of the full context in which they appear, and in the light of external manifestations of intent or general purpose available through other evidence,' normally will result in the discovery of the Legislature's intent." (Citations omitted). On the other hand, "the plain meaning rule does not necessarily ... compel a literal construction of a statutory provision." *Abington Ctr. Assocs. Ltd. Partnership v. Baltimore County,* 115 Md.App. 580, 603, 694 A.2d 165 (1997). Rather, we strive to "avoid constructions that are illogical, unreasonable, or inconsistent with common sense." *Frost v. State,* 336 Md. 125, 137, 647 A.2d 106 (1994); *see Fraternal Order of Police, Montgomery County Lodge No. 35 v. Mehrling,* 343 Md. 155, 174, 680 A.2d 1052 (1996); *Romm v. Flax,* 340 Md. 690, 693, 668 A.2d 1 (1995); *Condon v. State,* 332 Md. 481, 491–92, 632 A.2d 753 (1993); *Tucker v. Fireman's Fund Ins. Co.,* 308 Md. 69, 75, 517 A.2d 730 (1986).

 When interpreting a statute, the court may consider the statute's purpose, *Pagano,* 341 Md. at 133, 669 A.2d 1339; *Kaczorowski v. Mayor of Baltimore,* 309 Md. 505, 515, 525 A.2d 628 (1987), bearing in mind the context in which the statute was adopted. *C.S. v. Prince George's County Dep't of Social Servs.,* 343 Md. 14, 24, 680 A.2d 470 (1996); *Condon,* 332 Md. at 491, 632 A.2d 753; *Motor Vehicle Admin. v. Mohler,* 318 Md. 219, 225, 567 A.2d 929 (1990); *Brzowski v. Maryland Home Improvement Comm'n,* 114 Md.App. 615, 627–28, 691 A.2d 699, *cert. denied,* 346 Md. 238, 695 A.2d 1227 (1997). Accordingly, we will not interpret a statutory provision in isolation. Rather, "we consider the purpose, goal, or context of the statute as a whole." *Papillo v. Pockets, Inc.,* 118 Md.App. 194, 200–01, 702 A.2d 429 (1997); *see Bd. of Trustees v. Hughes,* 340 Md. 1, 7, 664 A.2d 1250 (1995); *Prince George's County v. Vieira,* 340 Md. 651, 658, 667 A.2d 898 (1995); *Frost,* 336 Md. at 138, 647 A.2d 106. As we said in *Blitz v. Beth Isaac Adas Israel Congregation,* 115 Md.App. 460, 480, 694 A.2d 107, *cert. granted,* 347 Md. 155, 699 A.2d 1169 (1997), "To glean the Legislature's intent, a statute must also be read as a whole, so that all provisions are considered together and, to the extent possible, reconciled, and harmonized." Thus, "[i]n expounding on part of a statute, resort should be had to every other part [of the statute]," *Brzowski,* 114 Md.App. at 627, 691 A.2d 699, so that no "word, clause, sentence or phrase is rendered superfluous or nugatory." *Chesapeake & Potomac Tel. Co. v. Director of Fin.,* 343 Md. 567, 579, 683 A.2d 512 (1996); *see Mehrling,* 343 Md. at 174, 680 A.2d 1052; *Buckman,* 333 Md. at 523–24, 636 A.2d 448; *Condon,* 332 Md. at 491, 632 A.2d 753; *State v. 149 Slot Machines,* 310 Md. 356, 361, 529 A.2d 817 (1987).

 Nevertheless, we may not, "under the guise of construction, ... supply omissions or remedy possible defects in the statute, or ... insert exceptions not made by the Legislature." *Amalgamated Cas. Ins. Co. v. Helms,* 239 Md. 529, 536, 212 A.2d 311 (1965); *see McDonald,* 317 Md. at 472–73, 564 A.2d 797; *McNeil v. State,* 112 Md.App. 434, 451–52, 685 A.2d 839 (1996). "Nor may we embellish a statutory provision

so as to enlarge its meaning." *Blitz*, 115 Md.App. at 480, 694 A.2d 107; *see Dep't of Econ. and Employ. Dev. v. Taylor*, 108 Md.App. 250, 277–78, 671 A.2d 523 (1996), *aff'd*, 344 Md. 687, 690 A.2d 508 (1997). Rather, we must construe the law as it is, not as we prefer it to be. *Brzowski*, 114 Md.App. at 627, 691 A.2d 699.

Based on the principles outlined above, we decline to adopt appellants' construction of L.E. § 9–632(c), which would require us to insert language in the provision that the Legislature omitted. Moreover, it would lead to an unreasonable interpretation of the statutory provision, particularly in light of the benevolent purpose of the Act.

As noted, in L.E. § 9–679, which is applicable to work-related death benefits, the Legislature expressly prescribed that, unless otherwise provided, dependency is determined "at the time of the occurrence of the accidental personal injury" or "on the date of disablement." L.E. §§ 9–679(1), (2). Moreover, unlike § 9–632(c), L.E. §§ 9–632(d) and (e) include limiting language. Section 9–632(d) provides that, when there are no surviving dependents, the right to compensation survives jointly to a surviving spouse and the surviving minor children of the deceased claimant if the claimant had a legal obligation to support a surviving spouse *on the date of the claimant's death.* L.E. § 9–632(e) provides that, when there are no surviving dependents and the deceased claimant did not have a legal obligation to support a surviving spouse *on the date of the claimant's death,* the right to compensation accrues to the surviving minor children of the deceased claimant. In contrast, L.E. § 9–632(c) merely provides that "the right to compensation survives to the surviving dependent *as the Commission may determine.*" (Emphasis added).

The use of specific language in other sections of the Act tied to the death of the claimant could support the view that the Legislature intended the claimant's death to be the operative event in L.E. § 9–632(c), although it did not expressly so state. On the other hand, it is equally plausible that, because the Legislature omitted any reference to death in L.E. § 9–

632(c), it did not intend the date of death to be determinative. In our view, one thing is certain: if the Legislature wanted to require a specific time for the determination of dependency status, it knew how to do so. Indeed, it had no difficulty including such language in L.E. §§ 9–679, 9–632(d), and 9–632(e). Therefore, as we see it, the Legislature's failure to include any limiting language in L.E. § 9–632(c), together with the plain meaning of the language—"as the Commission may determine"—and the salutary purpose of the Act, indicate that the Legislature sought to vest the Commission with discretion to make determinations of dependency in accordance with the facts and circumstances of each case. A few hypotheticals illustrate the rationale for vesting the Commission with such flexibility.

Under appellants' analysis, if a seventeen year-old-child were dependent upon the worker at the time of the worker's injury, and the claimant died two years later from a non-compensable cause, the child, by then an adult, might be entitled to recover the unpaid portion of disability benefits, merely because of the child's dependency status at the time of the claimant's injury, even though there would be no need for such support. Conversely, if the claimant's adult child is healthy when the worker is injured, but subsequently is severely crippled in a car accident and thus becomes dependent upon the claimant, appellants' position would preclude the adult child from recovering the unpaid disability benefits in the event of the worker's non-compensable death, merely because the adult child was not dependent when the injury first occurred. Yet, but for the worker's death, the claimant presumably would have used the disability benefits to support an adult child who became dependent during the period when the worker received the disability benefits. Another scenario might involve an adult child with a chronic illness, whose parent provides some financial assistance for the payment of medical expenses. If those payments are made at a time when the parent suffers a work-related injury, and continue periodically from the time of the parent's disability through the parent's non-compensable death, the Commission might

want to decide the adult child's dependency status by reference to the situation at the time of the worker's injury.

These examples illustrate the importance of conferring upon the Commission the authority to determine dependency either at the time of the claimant's injury or at the time of the claimant's death. Applying the rules of statutory construction, we think the Legislature intended to confer such discretion upon the Commission.

To be sure, numerous cases provide that dependency is ordinarily determined at the time of the claimant's injury in work-related death benefit cases. In *Community Baking Co. v. Reissig,* 164 Md. 17, 164 A. 176 (1933), for example, the claimant died as a result of injuries sustained during the course of employment. Following the worker's death, his widow was awarded full compensation. When she died, a hearing was held to determine whether the claimant's grandson was entitled to the claimant's unpaid compensation. On appeal, the Court said:

> The question is: Who is entitled, if any one, to the unpaid balance of the award? This is answered by that portion of the statute heretofore quoted, which provides that the unpaid portion of the award shall survive to and be vested in the *surviving dependents* as determined by the commission, if there be such surviving dependents, and if there be none such, then the compensation shall cease. The same section authorizes the commission to determine the *surviving dependents* to whom the award survives and in whom it vests. The inquiry is: Upon the death of Mary A. Reissig, are there any such dependents of Michael A. Reissig, the injured deceased, in whom the unpaid portion of the award theretofore made to Mary A. Reissig could vest? *In determining whether a grandchild of Michael A. Reissig is a dependent for this purpose, the date of his injury is the date as of which the inquiry must be made.*

*Id.* at 22, 164 A. 176 (emphasis added).

Similarly, in *Meyler v. Mayor of Baltimore,* 179 Md. 211, 215, 17 A.2d 762 (1941), the Court said that *"when the death of*

*an employee ensues from an injury,* the right of a dependent to compensation becomes fixed as of the date of the injury, irrespective of any subsequent change of conditions." (Emphasis added). *See also Superior Builders, Inc. v. Brown,* 208 Md. 539, 543, 119 A.2d 376 (1956) (stating that questions of dependency, in whole, or in part, shall be determined by the Commission in accordance with the facts in each particular case existent at the time of the injury resulting in death of such employee); *Havre de Grace Fireworks Co. v. Howe,* 206 Md. 158, 162, 110 A.2d 666 (1955) (same); *Kendall v. Housing Authority,* 196 Md. 370, 374, 76 A.2d 767 (1950) (same).

In our view, however, death benefit cases are distinguishable. Although dependency is determined at the time of the worker's injury in death benefit cases, work-related disability benefits are conceptually distinct and, historically, they have been treated differently from disability benefits. In *Cline v. Mayor of Baltimore,* 13 Md.App. 337, 283 A.2d 188 (1971), *aff'd,* 266 Md. 42, 291 A.2d 464 (1972), this Court recognized the distinction between disability and death benefit claims:

Under the Workmen's Compensation Law of Maryland there are two distinct types of claims which may arise in favor of dependents:

(1) The claims of dependents in cases where the employee dies from causes not related to his compensable injury, leaving unpaid at the time of his death an award of permanent total or permanent partial disability compensation. Code, Article 101, Sections 36(1)(c), 36(4)(c);

(2) the claims of dependents in cases where death was the result of the compensable injury and occurred within five years of the injury. Section 36(8).

*Id.* at 340, 283 A.2d 188. We further explained:

*In the first type of case it is not the death which is compensable under the statute but rather the injury, and it is the right of the workman himself to collect the benefits unpaid from that injury at the time of his death which survives.* Those who take, in the event of his death, take under him, and not independently. Thus, the survivor's

right to payment of compensation benefits is governed by the statute in effect at the time of the injury.

In the second type of case—where death occurs as a result of the injury—although the survivor's right to death benefits arises out of the compensable injury, it is the employee's death itself which is the compensable event, and the right of the surviving dependents to death benefits is separate and independent of the injured employee's rights and does not depend upon whether compensation was paid to the injured workman during his lifetime. In other words, the dependent's right to death benefits is an independent right derived from statute, and not from the rights of the decedent.

*Id.* at 340–41, 283 A.2d 188 (citations omitted) (emphasis added).

What we said in *Lankford v. Mayor of Federalsburg,* 44 Md.App. 393, 397, 408 A.2d 779 (1979), is also pertinent here:

[I]t seems clear to us that the legislature intended to provide for a continuation of compensation payments due a claimant at the time of his death if, and only if, his death occurred from a non-compensable injury; and, conversely, that these payments would not survive if his death was compensable[,] thus permitting his dependents to receive compensation payments as a result of his compensable death.

These cases make clear that death benefits are considered payable to eligible beneficiaries, not to the worker. *See* L.E. §§ 9–679 to 9–682. Because the right protected is that of a dependent to collect for the death of the provider, it is appropriate that only those who were dependent at the time of the injury, and who thus suffered harm as a result of an injury that is ultimately fatal, should be entitled to collect. In a disability case, however, the benefits belong to the worker. Accordingly, we are not persuaded that the Court's use of the term "surviving dependents" in *Community Baking* and other cases, in the context of death benefit cases, compels the same determination in disability cases.

In our review of the legislative history of the Maryland Workers' Compensation Act, which was originally enacted in 1914, Laws 1914, Ch. 800, and as amended, we note that it was not until 1920 that the Legislature authorized the survival of unpaid disability benefits following the death of a worker due to a non-compensable cause. 1920 Md. Laws, Ch. 456; *see also State Accident Fund v. Jacobs Adm'r,* 140 Md. 622, 624, 118 A. 159 (1922). From the outset, it appears that the Legislature never sought to limit the Commission's discretion in this regard. For example, Maryland Code (1947 Cum. Supp.), Article 101, § 35(4) provided:

> If any employee dies from any cause or causes not compensable under this Article, the right to any compensation ... unpaid at the date of his death, *shall survive to his surviving dependents as the Commission may determine,* if there be such surviving dependents, and if there be none such, then to his wife and children under twenty-one years of age if there was, at the time of his death, a legal obligation on the part of said employee to support his wife, and if there was no such obligation, then to his children under twenty-one, if any, alone.

(Emphasis added).

This language foreshadowed the current language of L.E. § 9–632. By 1990, the Act had nearly evolved into its current form. At that time, Maryland Code (1957, 1985 Repl.Vol. & 1990 Cum.Supp.), Article 101, § 36(3)(*l*), the predecessor to L.E. § 9–632, which pertained to permanent partial disability benefits, provided:

> If any employee dies from any cause or causes not compensable under this article, the right to any compensation payable under this subsection and subsection (4), unpaid at the date of his death, *shall survive to his surviving dependents as the Commission may determine,* if there be such surviving dependents, and if there be none such, then to his wife and children under eighteen years of age if there was, at the time of his death, a legal obligation on the part of said employee to support his wife, and if there was no

such obligation, then to his children under eighteen if any, alone.

(Emphasis added). As noted, the reorganization of the statute from Article 101 to the Labor and Employment Article was not intended to make any substantive changes to the law. *See* L.E. § 9–632 (Revisor's Note); *Para*, 339 Md. at 245, 661 A.2d 737; Gilbert & Humphreys, *supra*, § 2.3, at 34. *See generally Abington*, 115 Md.App. at 609, 694 A.2d 165.

As we said earlier, we cannot find any Maryland case precisely on point. Nevertheless, we believe the dissenting opinion in *Vessels v. Brown–Forman Distillers Corp.*, 793 S.W.2d 795 (Ky.1990), soundly explains why determinations of dependency should not be limited solely to the time of the worker's injury:

> When an injured worker dies from causes other than the work-related injury, it frequently happens that the death occurs a long time after the accident. Persons actually dependent upon that worker and the degree of the dependency may be entirely different at the time of his death than at the time of the accident. *It would seem to be, therefore, that when the injury does not cause the death but the worker subsequently dies before exhausting his period of income benefits, his award, pursuant to [statute], should be continued for the benefit of his dependents, and the determination of his dependents and the degree of their dependency should be made as of the time of death rather than the time of accident.*

*Id.* at 801 (Vance, J., concurring in part and dissenting in part)(emphasis added).

In construing L.E. § 9–632(c), we conclude that the Legislature did not intend to limit dependency status to the time of the claimant's injury. Rather, we believe that L.E. § 9–632(c) permits the Commission to determine an individual's dependency status either at the time of the claimant's injury or at the time of the claimant's death.

**JUDGMENT AFFIRMED.**

**COSTS TO BE PAID BY APPELLANTS.**