## DORR & a. *v.* HILL.

The provision of Gen. Laws, *c.* 251, *s.* 14, that when a report of referees is duly made to a justice of the peace without suit, he "shall render judgment, and issue execution thereon for damages and costs," imposes on the justice a duty that may be enforced by *mandamus.*

Gen. Laws, *c.* 251, *s.* 1, authorizing the arbitration of "all controversies which may be the subject of a personal action," does not prohibit a combined submission of subjects of real and personal actions.

Under such a submission, a report of referees establishing a boundary line, or determining a disputed title of real estate, may be a good award at common law without any other judgment than the award, and without a writ of possession or other final process.

So much of the report as gives damages and costs on claims that might be the subjects of personal actions may be enforced by a judgment rendered and an execution issued by the justice to whom the report is returnable.

Amendments of the report after its return and publication are not prohibited by any unjust or arbitrary rule.

On a petition for a *mandamus,* when the defendant of record has no interest in the case, the defendants in interest should have notice and an opportunity to be heard.

PETITION, for a *mandamus* requiring the defendant, as a justice of the peace, to render judgment and issue execution on a report of referees made to him under Gen. Laws, *c.* 251, *s.* 14.

*W. L. Foster* and *W. M. Weed*, for the plaintiffs.

*S. D. Quarles*, *D. H. Hill*, and *F. Weeks*, for the defendant.

DOE, C. J. The act of June 28, 1787 (Laws, ed. 1789, *p.* 65), entitled "An act for the more speedy recovery of small debts, and to save the cost usually attending the recovery thereof in the present course of the law," reciting in a preamble that "the common and ordinary method of recovering small debts proves very burthensome to poor debtors," was passed in the time of poverty and distress described in the last chapter of Belknap's History. By *s.* 3, a justice of the peace was "empowered" to enter up judgment and issue execution for damages not exceeding 10*l.*, and for costs, on a report of one or more referees duly selected by the parties, without the initial process and formal pleading of an ordinary suit. The act of December 16, 1796 (Laws, ed. 1797, *p.* 466), extended the limit from 10*l.* to $200. In 1819 it was held that the acts of 1787 and 1796, empowering a justice to render judgment and issue execution, did not require him to do so; that if the legislature had intended not to leave the exercise of the power to the sound discretion of the justice, " they would probably have used the language of an order or command." *Farwell's Petition*, 2 N. H. 123, 124. The third section of the act of December 25, 1828 (Laws, ed. 1830, *p.* 58), retained the word "empowered." But in the revision of 1842 the legislature used the language of command. " The justice, upon receiving such report, shall render judgment, and issue execution thereon for damages and costs." Rev. St., *c.* 210, *s.* 16; Commissioners' Report, *c.* 213, *s.* 16. Presumptively this change was made in consequence of the decision in *Farwell's Petition.* The legislature probably thought that when a controversy is legally settled by the arbitration, the right of the prevailing party to an execution ought not to depend upon the discretion of the justice to whom the award is returnable. Since 1842 the statute has been mandatory. Gen. St., *c.* 232, *s.* 14; G. L., *c.* 251, *s.* 14.

"All controversies which may be the subject of a personal action may be submitted to one or more referees in the mode prescribed in this chapter." G. L., *c.* 251, *s.* 1. The report was made to the defendant as a justice, and he rejected it on the ground that, as the controversies submitted to the referees and decided in the report were a disputed title of real estate and a claim of damages for an alleged trespass (depending upon the disputed title), they could not be referred under *c.* 251, the award was void, and the justice had no jurisdiction. The statute does not authorize the

justice to render a judgment for land, or to issue a writ of posses-
sion. But the claim of damages for the trespass "may be the
subject of a personal action," although it depends upon the dis-
puted title of land. The statute is permissive and enabling, not
prohibitory or disabling. It does not forbid a union of a common-
law and a statutory arbitration. In this award, the adjudication
of the title is good at common law, without any other judgment
than the award, and without a writ of possession. *Truesdale* v.
*Straw*, 58 N. H. 207, 213; *Carey* v. *Wilcox*, 6 N. H. 177, 179;
*Page* v. *Foster*, 7 N. H. 392, 394; *Jones* v. *B. M. Co.*, 6 Pick. 148,
154, *n.*; *Hodges* v. *Saunders*, 17 Pick. 470, 475; *Clark* v. *Burt*,
4 Cush. 396; Morse Arb. 54, 487, 513; Kyd Aw. (Am. ed.) 61.
In a real action the award will be conclusive evidence of the
plaintiffs' right to a judgment and a writ of possession. On
so much of the report as gives the plaintiffs damages and costs, it
was the defendant's duty to render judgment and issue execu-
tion.

In the certificate of the oath administered to the referees, the
justice did not add to his signature the words "Justice of the
Peace." If the oath was necessary, the certificate is amendable.

In a supplemental report, the referees award that the losing
party pay the referees' fees and expenses, taxed at $182.95. This
sum is a part of the costs for which judgment is to be rendered by
the defendant. *Joy* v. *Simpson*, 2 N. H. 179; *Brown* v. *Mathes*,
5 N. H. 229; *Spofford* v. *Spofford*, 10 N. H. 254; *Chase* v. *Strain*,
15 N. H. 535; *Chapin* v. *Boody*, 25 N. H. 286; Morse Arb. 627.
The rule that referees can correct no error after the return of
their report does not prevail in this state. Our common law of
amendment is neither unjust nor arbitrary.

The report states that the referees met at a certain time and
place, and heard the parties, and that a majority of the board
found the facts and made the report. This means that all the
referees heard the parties.

Notice of this petition should have been given to Jacklard and
Lee, who were the losing parties in the arbitration, and who are
the defendants in interest in this suit. *Rex* v. *St. John's Coll.*,
4 Mod. 233, 235, 236, 241, note *a;* Skin. 359, 546, 549; *Rex* v.
*Bankes*, 3 Burr. 1453; 1 W. Bl. 445; *Rex* v. *Treasury Lords*,
10 A. & E. 375, note *b.*; *Rex* v. *Middlesex Justices*, 2 Dowling
Pr. Rep. (N. S.) 719; Tap. Man. 298. If they had not had an
opportunity to be heard, the case would have been continued
for notice. But as they have been fully heard, a continuance
for formal notice is unnecessary.

When the certificate of the administration of the oath is amend-
ed, a mandamus will be issued for a judgment and execution for
damages and costs.

SMITH, J., did not sit: the others concurred.