691 A.2d 699

**Kenneth J. BRZOWSKI t/a Building by Design, Ltd.**

**v.**

**MARYLAND HOME IMPROVEMENT COMMISSION**

**No. 610, Sept. Term, 1996.**

Court of Special Appeals of Maryland.

Feb. 27, 1997.

Reconsideration Denied April 29, 1997.

616

618

Charles V. Kirchman (Kirchman and Kirchman, on the brief), Wheaton, for appellant.

Joel Jacobson, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on the brief), Baltimore, for appellee.

Argued before WENNER, HARRELL and EYLER, JJ.

HARRELL, Judge.

Kenneth J. Brzowski, t/a Building By Design, Ltd., appeals from a decision of the Circuit Court for Montgomery County affirming a Final Order of the Maryland Home Improvement Commission (the Commission) which authorized payment from the Home Improvement Guaranty Fund (the Fund) on a claim filed by a homeowner, Raymond E. Odemns, who had contracted with appellant for home repair work. The homeowner claimed the work performed by appellant was of poor quality, and the dispute was submitted to arbitration. The arbitrator awarded Mr. Odemns $7,028.00. The award was submitted then to the Commission. Appellant objected to the Commis-

sion authorizing payment from the Fund, because the arbitrator's award did not comply with the conditions set forth in the Home Improvement Act (the Act), Md.Code Ann., Bus. Reg. § 8–401 *et seq.*, which must be satisfied before payment from the Fund could be authorized. Nonetheless, the Commission approved the award for payment. After concluding that the Act was remedial in nature, the circuit court affirmed the Order of the Commission. For the reasons stated below, we shall affirm.

## ISSUES

Appellant presents the following issues, reordered and rephrased below:

1. Whether the form of an arbitration award must strictly comply with the provisions of Md.Code Ann., Bus. Reg. § 8–409(a)(2) before the Maryland Home Improvement Commission may pay a claim from the Home Improvement Fund.

2. Whether an arbitrator has the power to modify or correct an award if neither party to the award has petitioned the arbitrator for a modification or correction within twenty days after delivery of the award as prescribed by Md.Code Ann., Cts. & Jud. Proc. § 3–222.

## FACTS

Mr. Brzowski is the owner and operator of a business known as Building by Design, Ltd. and is a licensed contractor under the Maryland Home Improvement Act, Md.Code Ann., Bus. Reg. § 8–101 *et seq.* Sometime before September 1992, the Department of Housing and Community Development of Prince George's County (the Department) solicited bids for specified work to be performed at the home of Raymond Odemns, located in District Heights, Maryland. Building by Design won the contract with a bid of $9,235.00. Mr. Odemns and Building by Design entered into a contract on 3 September 1992. Under the terms of the contract, Mr. Odemns and Mr. Brzowski agreed, *inter alia,* to submit all disputed claims to arbitration in accordance with the Construction Industry

Arbitration Rules of the American Arbitration Association (AAA).

Work commenced on the project and Mr. Odemns authorized the Department to make most of the progress payments to Building by Design. At some point, however, Mr. Odemns became dissatisfied with the quality of appellant's workmanship. Consequently, he complained to the Department and refused to approve the final payment of $900.00 due under the contract. In response to Mr. Odemns' complaint, the Department dispatched a representative to inspect appellant's work. The Department official recommended that the matter be resolved by Mr. Odemns retaining the $900.00 to cure the alleged defects. Mr. Brzowski agreed to this proposal. In addition to retaining the $900.00, however, Mr. Odemns filed a written demand for arbitration with AAA dated 20 May 1994.

A hearing was conducted by Arbitrator John D. Bond, Esquire, on 9 December 1994.[1] On 12 December, the arbitrator awarded Mr. Odemns $7,028.00. Based upon this award, Mr. Odemns submitted a claim to the Commission for compensation from the Fund. On 20 March 1995, the Commission notified appellant that it intended to authorize payment to Mr. Odemns from the Fund based on the award, subject to appellant's right to appeal the award. Appellant timely objected to the Commission's proposal to authorize payment from the Fund, contending that the award did not comply with the provisions of Md.Code Ann., Bus. Reg. § 8–409(a)(2)(i). Those provisions require that an arbitration award contain a statement by the arbitrator that he "expressly found on the merits that the claimant is entitled to recover under § 8–405(a) of this subtitle."[2]

---

1. At the arbitration proceeding, Mr. Odemns appeared *pro se,* while appellant was represented by counsel.

2. Section 8–405 states in relevant part

§ **8–405. Claims against Fund.**

(a) *In general.*—Subject to this subtitle, an owner may recover compensation from the Fund for an actual loss that results from an act or

On 21 April 1995, the Executive Director of the Commission wrote a letter to Mr. Odemns, with copies to appellant and his attorney, in which she suggested that he obtain a statement from the arbitrator explaining the basis of his award. By letter to the Commission dated 27 April, appellant objected to this procedure. In response to Mr. Odemns's request for an explanatory statement concerning the Award, the arbitrator sent a letter to AAA on 10 May that stated in part:

"My award in favor of Mr. Odemns was based upon my determination that the work performed for him by Building by Design (Kenneth J. Brzowski) was performed in a grossly defective manner. The amount of the award reflects my determination of the amount required to properly correct the deficiencies in the work and make Mr. Odemns whole."

Based on the arbitrator's letter of 10 May, the Commission issued its Final Order dated 22 June 1995 awarding Mr. Odemns $7,028.00, to be paid from the Fund.

In January 1996, appellant filed a Petition for Judicial Review with the Circuit Court for Montgomery County. On 4 March 1995, the court, after conducting a hearing, denied appellant's petition. The court concluded that the Home Improvement Act was remedial in nature and, therefore, should be broadly construed. Hence, although the award did not satisfy the precise requirements of section 8–409(a)(2)(i), the court affirmed the Commission's Final Order. This appeal ensued.

## ANALYSIS

### I.

 Judicial review of a final decision of the Maryland Home Improvement Commission may be obtained by appeal to the circuit court. Md.Code Ann., Bus. Reg. § 8–314; State Gov't §§ 10–222, 10–223; see generally Mayor and Aldermen of Annapolis v. Annapolis Waterfront Co., 284 Md. 383, 393–

---

omission by a licensed contractor ... as found by the Commission or a court of competent jurisdiction.

99, 396 A.2d 1080 (1979). The extent of judicial review of an administrative agency[3] decision is set forth in the Maryland Administrative Procedure Act. Md.Code Ann., State Gov't. § 10–101 *et seq.* Although judicial review of an administrative decision is ordinarily limited in scope, *Esslinger v. Baltimore City*, 95 Md.App. 607, 623, 622 A.2d 774, 782, *cert. denied*, 331 Md. 479, 628 A.2d 1066 (1993); *Secretary of Health & Mental Hygiene v. Crowder*, 43 Md.App. 276, 280, 405 A.2d 279, 281 (1979), a court can and should review whether an agency has acted within its statutory powers or has otherwise made an error of law. Md.Code Ann., State Gov't § 10–222(h)(3)(ii), (iv); *Board of Educ. v. Paynter*, 303 Md. 22, 35, 491 A.2d 1186, 1192–93 (1985). *See Montgomery County v. Buckman*, 333 Md. 516, 519 n. 1, 636 A.2d 448, 450 n. 1 (1994); *Erb v. Maryland Dept. of the Env't*, 110 Md.App. 246, 255–56, 676 A.2d 1017, 1022 (1996); *General Motors Corp. v. Bark*, 79 Md.App. 68, 71–72, 555 A.2d 542, 543–44 (1989).

In the case *sub judice,* after conducting a hearing encompassing a scant twelve pages of transcript, the circuit court summarily concluded that "it is clear from the face of the award ... that [it] satisfies the statute [Md.Code Ann., Bus. Reg. § 8–409]." We presume that the circuit court was referring to the arbitrator's award, as it was originally presented to the Commission, which merely stated:

> BUILDING BY DESIGN, KENNETH J. BRZOWSKI (Respondent) shall pay to RAYMOND E. & LINDA F. ODEMNS (claimant) the amount of SEVEN THOUSAND AND TWENTY–EIGHT DOLLARS ($7,028.00) within thirty (30) days of the date of this Award.

---

**3.** An administrative agency is generally any State board, commission, department or officer authorized by law to make rules or to adjudicate contested cases, except those in the legislative or judicial branches. In addition, § 10–203 excepts certain designated agencies of the Executive Branch, and select other agencies from the Administrative Procedure Act's coverage. *See* Md.Code Ann., State Reg. § 10–201 *et seq.* The Maryland Home Improvement Commission is not among the § 10–203 exceptions.

■ The first point appellant seeks to establish is that the award as originally presented to the Commission could not support payment from the Fund because the award did not conform to the specific requirements of Md.Code Ann., Bus. Reg. §§ 8–409(a) and 8–405(a). According to appellant's construction of the statute, the Commission may not authorize payment from the Fund until it has received a certified award from an arbitrator expressly stating that, based upon a determination rendered on the merits, the claimant is entitled to recover under the provisions of section 8–405(a). Section 8–405(a) provides that a claimant may only recover for an "actual loss," which is defined in section 8–401. Appellant, therefore, concludes that by ordering payment from the Fund in contravention of the requirements of section 8–409(a), the Commission exceeded the scope of its statutory authority.[4]

■ The Commission, on the other hand, asks this Court to apply a liberal construction to the Act in light of its remedial purpose. Further, the Commission suggests that the Act, when viewed in its entirety, evidences the legislature's

---

4. Appellant did not claim, either in the circuit court or on appeal, that the arbitrator's award could not support payment from the Fund because his rights of judicial review had not been exhausted yet. *See* Md.Code Ann., Bus. Reg. § 8–409(a)(2). Accordingly, for the sake of brevity, our analysis shall omit any further reference to this requirement. Indeed, appellant's right to judicial review of *the arbitration award* had expired due to the passage of time. From the time the arbitrator delivered his award on 12 December 1994, appellant had twenty days to petition the arbitrator to modify the award, Md.Code Ann., Cts. & Jud. Proc., § 3–222(a), thirty days to petition the circuit court to vacate the award, *id.*, § 3–224(a), and ninety days to petition the circuit court to correct or modify the award, *id.*, § 3–223(a). Thus, as of approximately 12 March 1995, appellant lost any right he might have had to initiate a challenge against the award. Moreover, had Mr. Odemns filed a petition with the circuit court to confirm the award, appellant would have been precluded from raising any challenge. *Board of Educ. v. Education Ass'n*, 286 Md. 358, 408 A.2d 89 (1979) (trial court must confirm award unless award is challenged within statutory time constraints). Lest there be any confusion, however, the Commission cannot authorize payment from the Fund where the claimant is relying on a judgment or arbitration award unless all rights to judicial review of that judgment or award have been exhausted. Md. Code Ann., Bus. Reg., § 8–409(a)(2).

intent to ensure that homeowners who have prevailed against a contractor in arbitration proceedings are afforded access to the additional remedy provided by the Fund. The Commission further contends that deference should be accorded to its previous liberal constructions of the statute in which it has sought to achieve the remedial purposes sought by the legislature's enactment of the Statute. The Commission, however, fails to enumerate any particular instances when the Commission actually applied a liberal construction to its statute. Finally, the Commission argues that appellant's construction of the statute flies in the face of the legislature's intent, because Md.Code Ann., Bus. Reg. § 8–408(b)(3)(i) mandates that the Commission shall approve a final judgment or arbitration award decided in favor of a claimant. All questions relating to the statutory power or authority of an agency to make an order or decision that it undertook to make are subject to judicial review. *See generally N.L.R.B v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893 (1937); *Interstate Commerce Commission v. Illinois C.R. Co.*, 215 U.S. 452, 30 S.Ct. 155, 54 L.Ed. 280 (1910). Administrative agencies derive all their authority and power from the enabling statutes that govern them. *Annapolis Waterfront Co., supra; Dal Maso v. Board of County Comm'rs*, 182 Md. 200, 205, 34 A.2d 464, 466 (1943); *Department of Economic and Employment Dev. v. Lilley*, 106 Md.App. 744, 758, 666 A.2d 921, 928 (1995). Stated differently, agencies have no powers beyond those that have been conferred upon them by statute. A determination of the limits of an agency's authority, therefore, requires a construction of an agency's enabling statute. Such construction is a question of law, and therefore, for a court to decide. *Falcone v. Palmer Ford, Inc.*, 242 Md. 487, 493–94, 219 A.2d 808, 810 (1966); *Mayor and City Council of Ocean City v. Purnell–Jarvis, Ltd.*, 86 Md.App. 390, 413, 586 A.2d 816, 827 (1991).

Our prime directive when construing a statute is to ascertain and effectuate the intention or purpose of the legislature as expressed in the statute. *Bowen v. Smith*, 342 Md. 449, 454, 677 A.2d 81, 83 (1996). *See State v. Bricker*, 321 Md.

86, 92, 581 A.2d 9, 12 (1990). Said intention must be ascertained primarily from the language used in the statute. *Klingenberg v. Klingenberg,* 342 Md. 315, 327, 675 A.2d 551, 557 (1996). When the language of a statute is plain and unambiguous, there is usually no need for a court to inquire further. *Board of Trustees of Md. State Retirement & Pension Sys. v. Hughes,* 340 Md. 1, 7–8, 664 A.2d 1250, 1253 (1995). If the language of a statute is clear and expresses the intention of the legislature, it must be construed to give effect to that intention regardless of the consequences, even though such effect may cause a hardship. *Schmeizl v. Schmeizl,* 186 Md. 371, 375, 46 A.2d 619, 621 (1946). Simply put, a court construing an unambiguous statute must view the law as it is, and not as it might wish it to be. *Department of Economic & Employment Dev. v. Taylor,* 108 Md.App. 250, 277, 671 A.2d 523, 537, *cert. granted,* 343 Md. 332, 681 A.2d 68 (1996). *See In re Adoption/Guardianship No. A91–71A,* 334 Md. 538, 557, 640 A.2d 1085, 1095 (1994).

▄▄▄▄▄ To ascertain the legislature's intent, a statute must also be construed as a whole with all parts considered together. *Jones v. State,* 311 Md. 398, 404, 535 A.2d 471, 474 (1988). In expounding on part of a statute, resort should be had to every other part. *Scott v. State,* 297 Md. 235, 245, 465 A.2d 1126, 1132 (1983). Thus, a court should examine the context of the statutory scheme in which the particular provision appears. *Revis v. Maryland Auto. Ins. Fund,* 322 Md. 683, 686, 589 A.2d 483, 484 (1991). Finally, in construing a statute to ascertain the legislative intent, we should consider the object to be accomplished, *Montgomery Citizens League v. Greenhalgh,* 253 Md. 151, 158, 252 A.2d 242, 245 (1969); *Gunpowder Horse Stables v. State Farm Auto. Ins. Co.,* 108 Md.App. 612, 617, 673 A.2d 721, 724 (1996), the evils or mischief sought to be remedied, *Sinai Hosp. of Balto., Inc. v. Department of Employment & Training,* 309 Md. 28, 40, 522 A.2d 382, 388 (1987); *Maryland–Nat'l Capital Park & Planning Comm'n v. State Dep't of Assessments and Taxation,* 110 Md.App. 677, 689, 678 A.2d 602, 607, *cert. granted,* 344 Md. 52, 684 A.2d 1327 (1996), the purpose to be sustained, and should

construe it so as to carry out and effectuate its purpose. *Mustafa v. State,* 323 Md. 65, 72, 591 A.2d 481, 484 (1991).

The Maryland Home Improvement Law is a regulatory statute enacted for the protection of the public. *Harry Berenter, Inc. v. Berman,* 258 Md. 290, 294, 265 A.2d 759, 761 (1970). The Act established the Maryland Home Improvement Commission within the Department of Labor, Licensing, and Regulation. Md.Code. Ann., Bus. Reg. §§ 8–201; 1–101(f). The Commission's primary functions are to investigate complaints about home improvement contractors, *id.,* § 8–206(b), (d), and administer the licensing of those contractors in this state. *Id.,* § 8–301, *et seq.*

The Act also established the Home Improvement Guaranty Fund. *Id.,* § 8–401 *et seq.* The Fund was created to provide an additional remedy for homeowners who suffered actual loss due to unsatisfactory work performed by a home improvement contractor. Md Ann.Code art. 56, § 257A(a) (Supp.1985) (recodified at Md.Code Ann., Bus. Reg., §§ 8–403(a), –405(a));[5] Senate Economic and Environmental Affairs Committee, Bill Analysis for Senate Bill 507 at 2 (1985). The statutory provisions governing the administration of the Fund, however, limit payments from the Fund to only those claims that establish that a homeowner has suffered "actual loss" due to the act or omission of a licensed contractor. Md.Code Ann., Bus. Reg. § 8–405(a). We shall explain further.

A claim for reimbursement from the Fund requires the submission of a claim to the Commission, with "the amount claimed based on the *actual loss.*" *Id.,* § 8–406(1) (emphasis

---

5. At the time it was enacted § 257A read in pertinent part:

 **§ 257 A. Home–Improvement Guaranty Fund; claims against Fund.**
 (a) *Creation.*—There is a Home–Improvement Guaranty Fund to compensate owners for actual losses incurred by them as a result of conduct by licensed contractors that is found by the Commission or a court of competent jurisdiction to be
 (1) Work performed under a home-improvement contract in a poor or unworkmanlike manner or which is otherwise inadequate or incomplete; or
 (2) A violation of § 261 [recodified at Md.Code Ann., Bus Reg. §§ 8–208(b), –8–311(a)(11), –605–17, –620, –623]. . . .

added). Upon receipt of a claim, the Commission must transmit a copy of the claim to the contractor "alleged to be responsible for the *actual loss*." *Id.*, § 8–407(b)(1) (emphasis added). Actual loss "*means* the costs of restoration, repair, replacement, or completion that arise from an unworkmanlike, inadequate, or incomplete home improvement." *Id.*, § 8–401 (emphasis added). By employing the word "means," as opposed to "includes," the legislature intended to limit the scope of "actual loss" to the items listed in section 8–401. *See Colautti v. Franklin*, 439 U.S. 379, 392 n. 10, 99 S.Ct. 675, 684 n. 10, 58 L.Ed.2d 596 (1979) (definition that declares "means" excludes any meaning not stated); *National Wildlife Fed'n v. Gorsuch*, 693 F.2d 156, 172 (D.C.Cir.1982) (same); *Federal Power Comm'n v. Corp. Comm'n of Okla.*, 362 F.Supp. 522, 544 (W.D.Okla.1973) ("means" is verb of limitation, while "includes" is verb of enlargement), *aff'd*, 415 U.S. 961, 94 S.Ct. 1548, 39 L.Ed.2d 863 (1974); *see also Harris v. State*, 179 Miss. 38, 175 So. 342, 343 (1937) (holding that word "means" in subsection defining certain terms was not being used synonymously with word "includes"). *Cf. Group Health Ass'n, v. Blumenthal*, 295 Md. 104, 111, 453 A.2d 1198, 1203 (1983) (" 'Including' means comprising by illustration and not by way of limitation"); *Exxon Corp. v. Lujan*, 730 F.Supp. 1535, 1545 (D.Wyo.1990) (use of word "includes" rather than the word "means" in a regulatory definition indicates that what follows is a nonexclusive list which may be enlarged upon), *aff'd*, 970 F.2d 757 (10th Cir.1992).

When the Commission orders payment from the Fund, serious repercussions can be visited upon the contractor responsible for the actual loss that the Fund payment sought to compensate. For instance, if the Commission pays any amount from the Fund on account of a contractor's conduct, the Commission may suspend the contractor's license if he fails to reimburse the Fund in full. Md.Code Ann., Bus. Reg. § 8–411. Naturally, loss of license can have dire consequences for a contractor. A person may not act as contractor in this state without a contractor's license. *Id.*, § 8–601(a). Indeed, "a licensed person will not be given the assistance of

the courts in enforcing contracts within the provisions of the regulatory statute because such enforcement is against public policy." *Harry Berenter,* 258 Md. at 293, 265 A.2d at 761. *See Donmar Md. Corp. v. Hawkesworth,* 46 Md.App. 575, 576, 420 A.2d 295 (1980). Furthermore, if the Commission pays a claim against the Fund, the rights of the claimant against the contractor are subrogated to the Commission to the extent of the amount paid to the claimant from the Fund. Md.Code Ann., Bus. Reg. § 8–410(a)(1). The Commission, therefore, may sue any contractor on whose account a claim was paid, if the contractor does not reimburse the Fund in full, including interest. *Id.,* § 8–410(b).

Section 8–409 of the Act serves as a check on the Commission's ability to use the Fund as a club to punish contractors who are on the losing end of arbitration awards or judicial decisions. To this end, the section specifies the requirements that must be met before the Commission may order payment of a claim against the Fund:

§ 8–409. Payments from Fund.

(a) *In general.*—The Commission may order payment of a claim against the Fund only if:

(1) the decision or order of the Commission is final in accordance with Title 10, Subtitle 2 of the State Government Article [6] and all rights of appeal are exhausted; or

(2) the claimant provides the Commission with a certified copy of a final judgment of a court of competent jurisdiction or a final award in arbitration, with all rights of appeal exhausted, in which the court or arbitrator:

(i) expressly has found on the merits that the claimant is entitled to recover under § 8–405(a) of this subtitle; and

(ii) has found the value of the actual loss . . .

(1992).

A claimant has essentially three avenues from which he can obtain relief from the Fund. He can file a claim

---

**6.** This refers to the subsection of the Maryland Administrative Procedure Act concerning adjudications.

directly with the Commission or proceed initially in court or in an arbitration proceeding. When the Commission conducts its own hearing on whether a claimant should be compensated from the Fund, it is presumed that the Commission is aware of the Fund's limited purpose, to compensate for actual loss as defined by section 8–401. Thus, any award the Commission makes from the Fund must be for actual loss, because the Commission is presumed to know the scope of its authority, and act within those bounds. *See Johnstown Coal & Coke Co. v. Dishong,* 198 Md. 467, 474, 84 A.2d 847, 849 (1951) (holding that it may be presumed that an agency has performed its duties in accordance with and under the law), *overruled on other grounds, Criminal Injuries Compensation Bd. v. Gould,* 273 Md. 486, 331 A.2d 55 (1975).

No such presumption arises under the statutory scheme, however, for either an arbitration award or a judgment rendered by a court. A multitude of remedies might be granted by either forum, only some of which may fall within the finite scope of actual loss as defined by section 8–401. *See Baltimore County v. Mayor & City Council of Baltimore,* 329 Md. 692, 708, 621 A.2d 864, 871 (1993) (arbitrators have broad discretion in fashioning remedy); *Baltimore Teachers Union, Am. Fed'n of Teachers, Local 340 v. Mayor and City Council of Balto.,* 108 Md.App. 167, 192, 671 A.2d 80, 92, *cert. denied,* 342 Md. 472, 677 A.2d 565 (1996) (same). Thus, an award arising out of either judicial or arbitration proceedings may compensate the claimant for items of damage which do not fall within the statutory definition of "actual loss." Mindful of this potential scenario, the legislature in drafting the statute, required that Fund claimants who choose to proceed initially in court or through arbitration supply the Commission with a final judgment or award which states the amount of actual loss, the amount which can be paid legally from the Fund.[7] In

---

7. As appellee points out, under Md.Code Ann., Bus. Reg. § 8–408(b)(3)(i) (1992)

particular, the court's or arbitrator's award must contain an express finding of fault on the part of the contractor and a determination of the dollar value of actual loss before the Commission can authorize payment from the Fund.[8]

Our construction of the statute also derives support from an examination of the legislative history behind the provisions governing the Fund. We first turn to the language of section 8–409 as it appeared when first enacted in 1985, prior to the recodification of the Act.

§ 257E. Payments from Fund...

(a) *Payments.* .... [T]he Commission may direct payment from the Fund only if:

(1) The Commission's decision or order has become final in accordance with the Administrative Procedure Act with all rights of appeal exhausted; or

(2) The claimant provides the Commission with a certified copy of a final judgment of a court of competent jurisdiction, or a final award in arbitration with all rights of appeal exhausted, in which the court or arbitrator has expressly found on the merits that *the conditions precedent to recovery set forth in § 257A(a) are met* and has made a finding as to the dollar value of any actual loss (emphasis added).

Md Ann.Code art. 56, § 257E (Supp.1985). Section 257A(a) stated in relevant part:

---

[t]o the extent that a final judgment or final award in arbitration is decided in favor of the claimant, the Commission shall approve the claim against the Fund.

This provision merely proscribes the Commission from reviewing the validity of an award rendered by either a court or an arbitrator. This provision does not obviate the Commission's duty to ascertain which portion of the award meets the definition of actual loss so that it can be compensated from Fund.

**8.** In Part III of our analysis we shall, with greater precision, explain how a judgment or arbitration award might satisfy this test.

**§ 257A. Home–Improvement Guaranty Fund; claims against Fund.**

(a) *Creation.*—There is a Home Improvement Guaranty Fund to compensate owners for *actual losses incurred by them as a result of conduct by licensed contractors* that is found by the Commission or a court of competent jurisdiction to be:

(1) Work performed under a home-improvement contract in a poor or unworkmanlike manner or which is otherwise inadequate or incomplete . . . (emphasis added).

*Id.,* § 257A (1985 Supp.). When it first created the Fund, the legislature clearly intended that the requirements concerning the form of an arbitration award or court judgment, which are now embodied in sections 8–401, 8–405(a), and 8–409(a), were a condition precedent to the payment of a claim from the Fund. Delving a bit further, we discovered that a Bill Analysis reported by the Senate Economic and Environmental Affairs Committee indicates the view that a claim from the Fund "can be *only for "actual loss" which means the amounts paid or payable for the cost of 'making good' "*. Indeed, the Committee viewed this requirement as one of several limitations placed on claims which could be eligible for compensation from the Fund. Senate Economic and Environmental Affairs Committee, Bill Analysis for Senate Bill 507 at 3 (1985).

 Despite the statute's clarity, the circuit court reasoned that the statute was remedial in nature, and accordingly, applied a broad construction to the statute and implicitly concluded that the award, as originally submitted, satisfied the requirements of section 8–409. On appeal, appellee correctly notes that remedial statutes should be liberally construed. *Coburn v. Coburn,* 342 Md. 244, 246, 674 A.2d 951, 957 (1996). Nevertheless, the doctrine of liberal construction of remedial statutes does not permit a court to redraft a clearly-written statute. *Hyatt v. Hyatt,* 53 Md.App. 55, 59, 452 A.2d 436, 438 (1982). In the case at bar, it is apparent from the language of the statute that the legislature intended a limited purpose for the Fund. The provisions of section 8–409(a)(2) were enacted to ensure that the Commission's administration of the Fund did not exceed the purpose of compensating a claimant for

only actual loss. The doctrine espousing that remedial statutes shall be broadly construed cannot save an arbitration award, which states no more than the identity of the prevailing party and the amount of the corresponding award, from section 8–409's requirement that the award state the amount designated to compensate the claimant for actual loss.

"The absence of express statutory or regulatory authority, however, does not necessarily preclude an agency's power to order specific remedies." *Department of Economic & Employment Dev. v. Lilley*, 106 Md.App. 744, 759, 666 A.2d 921, 928 (1995). As appellee points out, the practices and opinions of an agency shed some light on the permissible bounds of its authority, *id.* at 761, 666 A.2d at 930, and considerable weight may be given to an agency's construction of a statute where that agency is responsible for administering it. *Westinghouse Elec. Corp. v. Callahan*, 105 Md.App. 25, 35, 658 A.2d 1112, 1117 (1995). Administrative practice, however, is entitled to no weight when it is inconsistent with the statutory scheme. *Sugarloaf Citizens Ass'n v. Northeast Md. Waste Disposal Auth.*, 323 Md. 641, 663 n. 2, 594 A.2d 1115, 1126 n. 2 (1991); *Inlet Assocs. v. Assateague House Condominium Ass'n*, 313 Md. 413, 432–33, 545 A.2d 1296, 1306 (1988); *Baines v. Board of Liquor License Comm'rs*, 100 Md.App. 136, 141, 640 A.2d 232, 235 (1994). An administrative agency may not disregard the terms of a statute when that statute is clear and unambiguous. *Department of Economic & Employment Dev. v. Taylor*, 108 Md.App. at 262, 671 A.2d at 530.

Further, contrary to appellee's contention, we are convinced that the Commission's conduct in this case supports the position that section 8–409 sets forth conditions that must be satisfied before payment from the Fund may be authorized. By letter dated 29 March 1995, appellant notified the Commission of his objection regarding the award's form. The Commission responded by asking Mr. Odemns to obtain a declaration from the arbitrator stating "whether the basis of the award was the cost to correct poor workmanship...." Such a

reaction on the Commission's part indicates that it also viewed the requirements of section 8–409 as conditions precedent to its ability to authorize payment from the Fund.

## II.

Having determined that the arbitrator's original award did not satisfy the requirements of section 8–409, we next address appellant's contention that the arbitrator's subsequent letter dated 10 May 1995, seeking to explain the nature of his award, could not be given legal effect. We note at the outset that the fact that the trial court rested its decision on only one of multiple issues presented to it does not necessarily preclude appellate review of the undecided issues concerning an agency's action, particularly when our inquiry involves solely questions of law. *Wheaton Moose Lodge No. 1775 v. Montgomery*, 41 Md.App. 401, 416–18, 397 A.2d 250, 259 (1979). Thus, although not explicitly decided by the circuit court, we may inquire into whether the Commission erred in according effect to the arbitrator's 10 May letter.

Appellant contends that the 10 May letter effectively modified the arbitrator's award. Under the Maryland Arbitration Act, a party may petition an arbitrator to modify or correct his award within twenty days of the delivery of the award. Md. Code Ann., Cts. & Jud. Proc., § 2–322(a). Appellant maintains that because Mr. Odemns did not apply to the arbitrator for a modification or correction until at least 100 days after the delivery of the award, the arbitrator was without the authority to alter his award. Thus, according to appellant, any subsequent modification was a nullity effectively. Appellant concludes, therefore, that the Commission committed an error of law because it could not utilize the 10 May letter to satisfy the requirements of section 8–409.

██ Arbitrators appointed pursuant to an agreement to arbitrate act quasi-judicially. *Litman v. Holtzman*, 219 Md. 353, 359, 149 A.2d 385, 388 (1959). It is widely recognized at common-law that an arbitrator's authority to act in a dispute ends upon rendering a complete award. *Shafer v. Shafer*, 6

Md. 518, 523 (1854); *Bayne v. Morris,* 68 U.S. (1 Wall) 97, 17
L.Ed. 495 (1863); *Citizens Bldg. of W. Palm Beach v. Western
Union Tel. Co.,* 120 F.2d 982, 984 (5th Cir.1941); *Internation-
al Bhd. of Elec. Workers, Local Union 1547 v. Ketchikan,* 805
P.2d 340, 343 n. 7 (Alaska 1991); *Board of Directors of Ass'n
of Apartment Owners v. Jeffers,* 73 Haw. 201, 207 & n. 5, 830
P.2d 503, 507 & n. 5 (1992); *Held v. Comfort Bus Line, Inc.,*
136 N.J. Law 640, 641, 57 A.2d 20, 22 (1948); *Nicholson Co. v.
Pennsy Supply, Inc.,* 362 Pa.Super. 307, 309, 524 A.2d 520, 521
(1987). Once a complete award is rendered, an arbitrator
becomes thereafter powerless to modify or make a new award
on the same issues. *La Vale Plaza, Inc. v. R.S. Noonan, Inc.,*
378 F.2d 569, 572 (3d Cir.1967); *Citizens Bldg. of W. Palm
Beach, supra. Contra Dorr v. Hill,* 62 N.H. 506 (1883).
It is a fundamental common-law principle that once an
arbitrator has made and published a final award his authori-
ty is exhausted and he is 'functus officio' and can do nothing
more in regard to the subject matter of the arbitration.
The policy which lies behind this is an unwillingness to
permit one who is not a judicial officer and who acts
informally and sporadically, to re-examine a final decision
which he has already rendered, because of the potential evil
of outside communication and unilateral influence which
might affect a new conclusion." *McClatchy Newspapers v.
Central Valley Typographical Union No. 46,* 686 F.2d 731,
734 (9th Cir.1982).

Read in its broadest sense, appellant's argument on appeal is
that, absent a statute to the contrary, once an arbitrator's
award is complete, an arbitrator is without further authority
to explain or change his award.

 Despite the apparent merits of appellant's conten-
tion,[9] he failed to preserve this issue for judicial review

---

**9.** The time limits specified in the Maryland Arbitration Act are manda-
tory requirements. *Board of Educ. v. Education Ass'n,* 286 Md. 358,
364, 408 A.2d 89, 92 (1979) (§ 3–224(a)); *Nick–George Ltd. v. Ames–
Ennis, Inc.,* 279 Md. 385, 389, 368 A.2d 1001, 1003 (1977); *C.W.
Jackson & Assocs. v. Brooks,* 46 Md.App. 63, 69, 415 A.2d 640, 643–44
(1980), *modified,* 289 Md. 658, 426 A.2d 378 (1981) (§ 3–223(a)). *Cf.*
Hott v. Mazzocco, *916 F.Supp. 510, 514 n. 4 (D.Md.1996) (time require-*

because he did not raise this particular objection with the Commission.[10] Generally, objections that have not been raised in proceedings before an agency will not be considered by a court reviewing an agency order. *Cicala v. Disability Review Bd.*, 288 Md. 254, 261–62, 418 A.2d 205, 210 (1980); *Bulluck v. Pelham Wood Apts.*, 283 Md. 505, 518–19, 390 A.2d 1119, 1127 (1978).

> A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reasons for its action.

*Bulluck*, 283 Md. at 519, 390 A.2d at 1127 (quoting *Unemployment Compensation Comm'n v. Aragon*, 329 U.S. 143, 155, 67 S.Ct. 245, 248–49, 91 L.Ed. 136 (1946)).

 The record before us indicates that appellant brought the following objections to the Commission's attention:

1) That the arbitrator's original award failed to conform to the requirements of § 8–409(a).

2) That the determination of actual loss was not contained within the submission to the arbitration, and therefore, could not be decided.

3) That the Commission's suggestion to Mr. Odemns that he contact the arbitrator is tantamount to encouraging impermissible *ex parte* communication.

4) That "if [the arbitrator] wishes to act as [a witness for Mr. Odemns] . . . his role as an arbitrator is terminated."

5) That the Commission should have requested a copy of the claim filed by Mr. Odemns directly from the AAA rather

---

*ment of § 3–224(a), while mandatory, is not jurisdictional).*

**10.** *See, e.g., Haslup v. State*, 30 Md.App. 230, 239, 351 A.2d 181, 186 (1976) (Moylan, J.) (appellate court may determine *sua sponte* whether party has preserved issue for appellate review).

than from Mr. Odemns because the files of the AAA are the only official records of the case.

6) That if the Commission wants to inquire into the arbitration, it should also request copies of the objections appellant filed concerning Mr. Odemns' submission.

There is no indication in the record that appellant raised an objection with the Commission stating that the arbitrator's authority to act in the matter had terminated because a completed award was filed, let alone the specific contention that the statutory time for review of the award by the arbitrator had passed.

Moreover, appellant had ample opportunity to raise this objection prior to the Commission's issuance of its Final Order. On 21 April 1995, the Commission, in response to appellant's objection that the original arbitration award did not satisfy the requirements of Md.Code. Ann., Bus. Reg. § 8–409, mailed a letter in which it suggested that Mr. Odemns "contact the arbitrator and obtain a statement of whether the basis of the award was the cost to correct poor workmanship or other matters." A copy of this letter was sent to appellant, who objected to the Commission's suggestion in a letter dated 27 April. By virtue of receiving a copy of the 21 April letter, appellant should have known that the Commission intended to utilize whatever statement Mr. Odemns could obtain from the arbitrator in determining whether the requirements of Md. Code Ann., Bus. Reg. § 8–409 were satisfied. On 22 June 1995, the Commission issued its Final Order authorizing payment from the Fund. Appellant, therefore, had over fifty days to notify the Commission of a contention that the arbitrator's authority in this matter had terminated. Yet, it was not until he petitioned the circuit court for judicial review that he raised this contention for the first time. Accordingly, appellant has waived any objection he might have had regarding the authority of the arbitrator's efforts to expound on his award.

### III.

Next, we must determine whether the original award when combined with the arbitrator's 10 May letter satisfied

the requirements set forth in Md.Code Ann., Bus. Reg. § 8–409(a)(2). Appellant contends that the award as modified does not satisfy the statute because it fails to make the required express finding on the merits that the claimant is entitled to recover under Md.Code Ann., Bus. Reg. § 8–405(a)(1). Mindful of our discussion concerning the construction of the Act at pages 8–19, we disagree. Instead we construe section 8–409(a)(2)(i) as requiring that a judicial decision or arbitration award state in substance that, based on the merits, the claimant has suffered actual loss due to fault on the part of a licensed contractor. The Senate Economic and Environmental Affairs Committee envisioned that actual loss means "the amounts paid or payable for the cost of 'making good.'" Senate Economic and Environmental Affairs Committee, Bill Analysis for Senate Bill 507 at 3 (1985). The arbitrator's 10 May letter stated that the award he rendered reflected his determination of the cost to correct the deficiencies in the work performed. The cost of correcting a contractor's deficient workmanship is embraced within "the costs of restoration, repair, replacement, or completion." Md.Code Ann., Bus. Reg. § 8–401 (" 'Actual loss' defined"). We conclude that, considering the remedial purpose of the Home Improvement Act, the award, when combined with the arbitrator's 10 May letter, satisfied the requirements for when the Commission may authorize payment from the Fund.

*IV.*

Appellant's final contention is that the issue of whether Mr. Odemns was entitled to recover from the Fund was never submitted to the arbitrator. Thus, the arbitrator had no authority to determine specifically the amount of "actual loss" for which Mr. Odemns could recover. Arbitration is purely a product of contract and the parties delineate the extent of an arbitrator's authority by the scope of their agreement to arbitrate and the submission to arbitration. *Hartford Acc. & Indem. Co. v. Scarlett Harbor Assocs. Ltd. Partnership,* 109 Md.App. 217, 289, 674 A.2d 106, 141, *cert. granted,* 343 Md. 334, 681 A.2d 70 (1996). *See Gold Coast Mall v. Larmar Corp.,* 298 Md. 96, 103, 468 A.2d 91, 95 (1983).

The extent of an arbitrator's authority, therefore, depends on the language of the submission to arbitration. A decision by an arbitrator on any matter not referred or submitted to him is beyond his authority, *Pumphrey v. Pumphrey*, 172 Md. 323, 326, 191 A. 235, 236 (1937), and is therefore void. *Continental Mill. & Feed Co. v. Doughnut Corp. of Am.*, 186 Md. 669, 675, 48 A.2d 447, 450 (1946). Although the scope of the submission limits the issues which can be resolved in a particular arbitration proceeding, it does not limit how the prevailing party seeks to enforce the award that is ultimately rendered.

 Because an arbitrator's authority is derived from the submission to arbitration, the terms of the submission should be consulted to ascertain whether an arbitrator has determined an issue which was within the scope of his authority. Mr. Odemns' handwritten demand for arbitration read as follows:

Raymond E. & Linda Odemns
6712 Halleck St.
Dist. Hghts., Md. 20747

v.

Kenneth J. Brzowski
Building By Design
14808 Carrollton Rd.
Rockville Md. 20853
Re: 16E1100029794
1. Breach of Contract
2. Code Violation
3. Contractor did not satisfactorily complete the work within 30 days.

There is no doubt that the submission clearly authorizes the arbitrator to resolve a contract dispute for faulty workmanship. Moreover,

arbitrators have wide and almost unlimited determinative powers, when acting on matters properly under submission. This power includes the power to decide on all questions of law as well as of fact which arise in the consideration of

matters embraced in the agreement or submission.... In the absence of any reservation, the parties are presumed to agree that everything, both as to law and fact, which is necessary to the ultimate decision, is included in the authority of the arbitrators (footnotes omitted).

6 C.J.S., *Arbitration*, § 69, 282–84. It cannot be disputed that this submission permitted the arbitrator to determine the amount, if any, of damages suffered by Mr. Odemns, once he determined that the contractor's work was defective. Damages for breach of contract ordinarily are calculated as the sum that would place the plaintiff in as good a position as that in which he would have been had the contract been performed. *Beard v. S/E Joint Venture*, 321 Md. 126, 133, 581 A.2d 1275, 1278 (1990). We conclude that determining "the amount required to properly correct the deficiencies in the work and make Mr. Odemns whole" is encompassed within the determination required for giving the plaintiff the benefit of his bargain. Therefore, the submission to arbitration authorized the arbitrator to ascertain the amount necessary to make Mr. Odemns whole.

JUDGEMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED; COSTS TO BE PAID BY APPELLANT.